31   137
162   285

# WILLIAM HOSKINS

*v.*

## HERVEY LITCHFIELD AND WIFE.

1.   HOMESTEAD—*when it may be claimed.* Where a householder and his wife join in the execution of a mortgage upon premises in which they have a homestead right, but which was not released in the mortgage, the mere omission on their part to interpose their claim to that right as a defense to a bill to foreclose the mortgage, will not operate as a waiver of such right.

2.   So after a decree of foreclosure upon such a mortgage, sale of the premises, and confirmation of the sale, *without objection,* the defendants interposed a motion to set aside the decree of sale, and all proceedings under it, upon the ground that they held a homestead right in the premises. The motion was granted, and correctly so.

3.   SAME—*of the remedy to protect it.* It should be observed that it was agreed in the court below, that the defendants should have all the relief by their *motion,* that they could have had by bill in chancery or other proceeding.

9

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. M. E. HOLLISTER, Judge, presiding.

On the 30th day of August, 1859, the plaintiff in error, William Hoskins, exhibited his bill in chancery in the Circuit Court, against Hervey Litchfield and Elizabeth Litchfield, his wife, to foreclose a mortgage executed by the defendants, to Hoskins, on the 10th of December, 1857.

The mortgage was in the ordinary form, containing the words, "*grant, bargain, sell and convey.*" There was no express release of the homestead right of the defendants in the premises, either in the body of the deed, or in the certificate of acknowledgment. The bill required the answers of the defendants to be under oath, and prayed for a foreclosure of all equity of redemption and claim in and to the mortgaged premises. Process was issued and duly served upon the defendants, and they not appearing, the bill was subsequently taken for confessed, and a decree entered for a foreclosure, and sale of the premises. At a subsequent term, the master reported that he had made sale of the premises in pursuance of the decree, and that the complainant became the purchaser.

At the same term that report was approved, and the sale confirmed by the Circuit Court, and the case ceased to be further docketed, the defendants having made *no objection* to the rendition of the decree, the sale of the premises, or the confirmation of the sale. And *never* having made any claim of homestead, either when the decree was entered, or when the sale was made, or when the sale was confirmed. On the 12th of February, A. D. 1861, a year after the sale was made, the defendants filed with the clerk of the Circuit Court their motion, supported by affidavit, with notice to the complainant, to set aside the decree of sale, and all the proceedings subsequent to the decree, because the mortgaged premises were their homestead, and that such homestead did not exceed in value $1,000, and had never been relinquished according to law, and that the debt secured by the mortgage, had accrued after August 4, 1851, and was no part of the purchase-money for the premises, but not showing *any reason* why their claim

of homestead had not been set up when the decree of sale was entered, or when the sale was made or confirmed. The complainants agreed with the defendants that they should have all the relief by their motions and affidavits that they could have had by bills in chancery and depositions, or other proceedings to set aside such sale, if they were entitled to any such relief upon the facts, and the case was re-docketed at the March term, 1861, of said Circuit Court, which motion of the defendants, the Circuit Court, at its September term, A. D. 1862, sustained, and set aside the sale, and the original decree of sale, and all the proceedings subsequent thereto, to which decision of the court, the complainant then and there excepted, and had his bill of exceptions signed and sealed by the court, embodying said motion, notice, affidavits, and the decision of the court thereon. The court also further entered, at the same time, a formal decree for the defendants complying with said motion, and ordering *" that said premises stand in all respects as though no proceedings were had upon the said mortgage,"* and that the defendants recover their costs of complainant.

The complainant below sued out this writ of error, and now questions the correctness of the ruling of the Circuit Court in setting aside the decree of foreclosure, and the proceedings had in pursuance of such decree.

Mr. MILTON T. PETERS, for the plaintiff in error, insisted that the Circuit Court erred in sustaining the defendants' motion, and in rendering a decree in pursuance of the motion, for the following reasons :

1. The sale was strictly in pursuance of the decree, and here was no injurious mistake, misrepresentation or fraud in said sale, and therefore such sale could not be invalidated. *Cooper* v. *Crosby,* 3 Gilm. 508.

2. This motion is substantially a bill of review by the stipulation of the parties, otherwise relief could not be sought in the form of a motion. Bills of review are to correct errors of law apparent upon the record of the original case, or to introduce important testimony newly discovered, neither of

which were claimed. The defendants admitted there was no error in the record of the original cause, and they also conceded that they had not discovered any new testimony. Besides, they had not paid the costs of the original case, which is necessary in a bill of review. *Griggs* v. *Gear,* 3 Gilm. 10; *Evans* v. *Clement,* 14 Ill. 209; *McDaniel* v. *James,* 23 Ill. 408.

3. The defendants were guilty of unreasonable delay in making their application to set aside the sale, one whole year having elapsed, and no excuse shown for such delay. *Noyes* v. *True,* 23 Ill. 503.

4. Defendants having neglected to make any claim of homestead, when the decree for the sale was entered, or when the sale was made or confirmed, and no excuse shown why such claim was not made at the proper time, they cannot now for the first time ;make such a claim. Scates' Comp. 576; *Getzler* v. *Saroni,* 18 Ill. 518.

5. While the husband is living, he alone can set up the claim of homestead. The wife cannot. The law of 1857 only changes the law of 1851, so as to require the signature of the wife to the deed relinquishing the homestead. No other change was made. 18 Ill. 518.

6. Besides, Mrs. Litchfield was made a party to the original suit, and she was, therefore, as much bound as her husband to have set up the claim of homestead in that suit, if she desired her homestead, and not having done so, she cannot do it now, any more than her husband. 18 Ill. 518. This case was a bill of review by the wife to recover her homestead, and her application was denied.

7. The Circuit Court, in the decree for defendants, held that this mortgage was absolutely void, because there was no relinquishment of the homestead, for the decree provided *" that said premises should stand in all respects as though no proceedings were had upon the mortgage."* Thus denying all right whatever to foreclose a mortgage upon a homestead, when the homestead had not been formally relinquished. If this be the law, then the complainant's mortgage has no more force than blank paper, and at no time could the mortgage be fore-

closed, though after the premises had ceased to be the homestead of the defendants, which would be contrary to the terms of the mortgage deed which estops the mortgagors from claiming that none of their estate passed by the mortgage. Scates' Comp. 961.

Messrs. TAYLOR & PADDOCK, for the defendants in error.

The defendants not having waived their claim of homestead to the premises, by the execution of the mortgage, and the premises not exceeding $1,000 in value, the omission of the waiver is fatal to the mortgage and all proceedings under it. Scates' Comp. 577 ; *Kitchell* v. *Burgwin et ux.,* 21 Ill. 40 ; *Vanzant* v. *Vanzant,* 23 Ill. 536.

The defendants were not required by the law to do anything to secure their homestead ; the proofs in the record show the premises to have been their homestead, and that they did not by the execution of the mortgage waive that benefit, the premises therefore would remain their homestead by operation of law so long as they continued to occupy it as such, and this too *" without even manifesting an intention to avail themselves of the homestead law."* *Green* v. *Marks et al.,* 25 Ill. 222.

The premises not exceeding in value $1,000, as shown by the proof, the mortgage never attached a lien on the same ; the defendants, after the making of the mortgage, could have conveyed the premises to a third party, and vested in him a perfect title, free from the incumbrance of the mortgage. *Green* v. *Marks,* 25 Ill. 222.

When property is exempt by statute from *" levy and sale on execution,"* then as to such property no judgment, execution, or decree of court can have an existence. *Cole* v. *Green,* 21 Ill. 104.

The plaintiff, by his purchase at the master's sale, could get no better title or interest in the premises than his mortgage covered ; the rule of *caveat emptor* is applicable to all sales under a decree of court. *England* v. *Clark,* 4 Scam. 489.

Where the plaintiff himself becomes the purchaser he is chargeable with notice, and the consequences of all irregularities of the decree and of the sale. *McLagan* v. *Brown,* 11 Ill. 523.

The words *grant, bargain and sell* in the mortgage can make no difference in the rights of the defendants to the benefit of the homestead: they were nevertheless mortgagors, and a mortgagor is held to be the real owner of the land. 2 Bouvier Dic. 179.

Mr. PETERS, for the plaintiff in error, in conclusion, said, the case of *Green* v. *Marks et al.* does not conflict with *Getzler* v. *Saroni,* which latter case holds that there must be a claim of homestead made at the proper time, but if this mortgage was no lien upon the premises, by reason of their being a homestead, yet this was not made known to the court in the original suit, and so the decrees of the court therein were correct upon their face, and could only be reviewed for newly discovered testimony, which is not set up in this case. The case of *Kitchell* v. *Burgwin,* 21 Ill. 40, relied upon by defendants' counsel, merely establishes that there was no release of the homestead in complainant's mortgage, which is not insisted upon by complainant. But this case does not decide that when the homestead has not been relinquished, it still is not necessary *to claim* the homestead, when a sale is sought to be made, but impliedly decides that such claim has to be made, and so is the statute. Scates' Comp. 576, Sec. 3.

The case of *Green* v. *Marks,* in saying that "the statute casts the privilege upon him, and is secured to him without his ever manifesting any intention to avail himself of the homestead act," doubtless refers to the difference between our homestead laws and those of some other States, which require that the party claiming the homestead must file his claim with the recorder of deeds or other public officer, so that his claim of homestead may be made known to the public. But our court did not decide that this privilege of homestead is *different* from other *privileges,* which always have to be set up and insisted upon at the proper time, or

they are debarred. A privilege is not compulsory upon the party entitled to it; he can claim it or not, as he sees proper. If he does not claim it at the time when he is required to manifest it, then, by his own consent, his privilege is gone.

Mr. Chief Justice Caton delivered the opinion of the Court.

We are now presented with a new question under the homestead law. Ever since its enactment, we have endeavored to administer this law in that spirit of liberality which manifestly influenced the legislature in its enactment, without frittering away its benefits by construction, because we might not, as individuals, approve its policy. This was for the legislature to determine, and we cordially accept that determination, and will faithfully discharge our duties, by fairly enforcing the law in its true spirit and intent.

No one can doubt, who will carefully examine this legislation, that it was the object of the legislature, especially to throw a shield and protection around the wife and children, even more than the husband. To those, they designed to secure a home, in spite of the husband and father, and in defiance of the world, unless it should be expressly, and understandingly, released by the wife, in the mode provided by the statute, or unless she removed from, and abandoned it, as a home. In one of these modes alone, does the law design that the right shall be lost to the wife and children. This right was designed by the legislature to be as sacred as the right of dower, and from similar considerations of public policy; and occurring events, which are filling the land with widows and orphans, solemnize the policy which dictated the law, at a time when no such occasion existed to suggest its propriety.

This mortgage, as to the homestead right, is like a mortgage in which the wife has not released her right of dower, when sought to be enforced in defiance of that right. Suppose in such a case the wife were made a party to a bill to foreclose a mortgage, without any averment that any right of

dower existed, or that the wife had released her dower, and a decree passed against the husband and wife, foreclosing the mortgage and ordering a sale of the premises. No one would contend that the right of dower would be affected by such decree, or that a sale under it could convey the premises freed from the right of dower, and for the simple reason that the law has provided a different and an only mode for the release of dower. So here, the statute has provided another, different and only mode, for the release of the homestead right, while the premises are occupied as a homestead. The husband cannot, by failing to make defense for himself and wife, give the mortgage, in which the wife has not released the homestead, the same practical effect that it would have, had she thus released. This would be to defeat the statute and its manifest object, by a mere legal form. By this law the homestead is placed beyond the control of the husband, and he cannot be allowed to destroy this right indirectly, any more than directly — by act of omission more than commission — save only, by one mode, which is, by removing his family from it, and with the design that it shall thereby cease to be a homestead, and perhaps, providing them with another home. If this be the true construction of the law, even this decree did not impair the homestead right, although, as it was an apparent cloud upon it, it was proper for the court to set it, and the proceeding under it, aside.

The order is affirmed.

*Decree affirmed.*