PRESTON WING

*v.*

ELTON C. CROPPER and wife.

1. HOMESTEAD — *what are forced sales, under act of* 1851. A sale by the decree of a court of equity in a suit to foreclose a mortgage, under an order to the master to make the sale, is a forced sale, as much so as if the sale were made under a *fieri facias*.

2. Such a case is distinguishable from the cases of *Smith* v. *Marc*, and *Ely* v. *Eastwood*, in 26 Ill., where the sales were made under a power to sell, and not by the order or decree of any court.

3. SAME — *what will operate as a release of the right.* The mere execution of a mortgage upon a homestead did not operate, even before the amendatory act of 1857, *ipso facto*, as a waiver of the homestead right. The statute points out the mode by which the exemption can be released and waived, and unless that mode is pursued, the exemption is not lost.

4. A suit was instituted to foreclose a mortgage executed in 1856, by a house-holder and his wife upon their homestead, there being no release or waiver, however, in the mortgage of the homestead right. A decree of foreclosure was entered *pro confesso*, a sale of the premises was ordered, and the master made the sale in pursuance of the decree, without reference to the homestead right. It was *held* that the omission to interpose the claim to the homestead as a defense to the bill to foreclose was of no importance, as it could be asserted afterwards in the appropriate mode. The right is conferred by statute, and can be divested only in the mode provided by the statute.

5. In this case there was nothing alleged in the bill about the homestead. Of course, then, taking the bill for confessed did not amount to a confession of any fact not alleged in it. By failing to answer, the defendants admitted only what was alleged in the bill.

6. SAME — *of the time and manner of asserting the right.* A party claiming the homestead right, may set it up in his answer to the bill to foreclose, or he may claim it when the master proceeds to execute the decree. It is the duty of the master, a claim being made, to ascertain if it is a homestead, and on his report coming in, either party may except to the report, and contest the claim of homestead.

7. In this case, on the coming in of the master's report of the sale under the decree of foreclosure, the defendants in the suit for foreclosure claiming the home-stead right, moved to set aside the sale, thereby asserting the right. It was held that the motion was made at the earliest moment and was properly allowed.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. JOHN V. EUSTACE, Judge, presiding.

On the 29th day of July, 1856, Elton C. Cropper executed his promissory note to Preston Wing for the sum of $575; and on the same day Cropper and his wife executed and delivered to Wing a mortgage upon a portion of lot nine, in block three, in Spencer and Case's addition to the city of Rock Island, to secure the payment of said note. The mortgage contained no release or waiver of a homestead right.

The note having matured, and remaining unpaid, on the 4th day of August, 1859, Wing, the mortgagee, exhibited his bill in chancery in the court below, against the mortgagors, for a foreclosure. No allusion was made in the bill in regard to the homestead right of the defendants in the premises. Summons was duly served upon Cropper and his wife; and they failing to answer, the bill was taken as confessed at the September

17 — 35TH ILL.

Term, 1859, a decree of foreclosure was entered, and the master directed to sell the premises, in the event of non-payment of the amount found due within a given time. The money not being paid, the master proceeded to sell the premises on the 21st of November, 1859, without reference to any homestead right therein of the defendants. The complainant became the purchaser at $731.70.

The master's report of the sale was filed on the 8th of December following; and at the January Term, 1861, the defendants, Cropper and wife, appeared and filed their motion that the sale and master's report thereof be set aside, "because, at the time of the rendering of said decree, and at the time of the sale of said land, as aforesaid, the said land was exempt by law from levy and forced sale under any process or order from any court of law or equity in this State."

They also filed, in support of said motion, the affidavit of said Elton C. Cropper, setting forth that he became the owner of said mortgaged premises about the year 1852, and continued to be such owner to the date of the mortgage; that at said date he was (and ever since has been) a householder, having a family, consisting of his wife and three children; that, at the date of the mortgage, long before and ever since, there was a dwelling house on said mortgaged premises, occupied by said deponent and his family as a homestead; that the mortgage debt was contracted after July 4th, 1851, and was not incurred for the purchase or improvement of the mortgaged premises; that deponent has never waived or released his right of homestead exemption; that he has never conveyed or incumbered said premises otherwise than by said mortgage.

The affidavits of William Kale and William Bell were also filed, deposing to the existence of a dwelling house on said premises, and the occupancy of the same as a residence by said Cropper and his family.

At the May Term, 1861, that motion, coming on for hearing, was sustained by the court, and the sale set aside. Thompson, the complainant, sued out this writ of error, and insists the court below erred in granting the motion to set aside the sale.

Messrs. CHARLES E. PUTNAM, A. WEBSTER and JOHN N. ROGERS, for the plaintiff in error.

1. Plaintiff's mortgage is not affected by the amendatory homestead act of 1857, having been made before its enactment.

The homestead exemption act of 1851 imposes no restrictions upon *conveyances* or *mortgages* of the homestead. It only exempts it from *forced sale* under judicial process, unless the exemption is waived as provided by the act. *Smith* v. *Marc,* 16 Ill. 150; *Ely* v. *Eastwood,* id. 107.

The plaintiff's mortgage is therefore a valid and binding one, and entitles him to all the rights and remedies which the law gives to a mortgagee.

2. The act of 1851, by its true construction, does not apply to foreclosure sales. If a mortgage be in itself *valid,* the mortgagee is entitled to the remedy provided by law for enforcing it; and to deny him this, is, in effect, to destroy the binding force and efficacy of the mortgage — a result no way aimed at by the exemption act. Besides, a man who voluntarily mortgages his homestead, *ipso facto* "waives" in favor of the mortgagee the homestead exemption, and consents that on his failure to pay the mortgage debt, the property may be subjected to payment of the debt by foreclosure. Such is the very object and essence of his act in mortgaging, without which it is nugatory.

The act of 1851 exempts the homestead from sale under judgments obtained wholly *in invitum,* not from those obtained in enforcing liens created by the owner's voluntary act, as is a mortgage.

3. The only reported *decision* in this court, adverse to the foregoing views, is *Vanzant* v. *Vanzant,* 23 Ill. 536. The remarks on the subject in *Kitchell* v. *Burgwin,* 21 Ill. 40, are *obiter,* that case having been decided on other grounds, and favorably to the mortgagee. It is respectfully submitted that the decision in *Vanzant* v. *Vanzant* cannot be supported, and that it is inconsistent with the obviously correct principle asserted in the *later* cases of *Smith* v. *Marc* and *Ely* v. *East-*

*wood, ubi supra.* As the decision in *Vanzant* v. *Vanzant* tends to *overthrow* the transactions of men entered into in good faith, while a contrary one would *uphold* them, the 'court should feel no hesitation in reëxamining and *overruling* it, if found erroneous. See the remarks of COMSTOCK, J., in *Church* v. *Brown,* 21 N. Y. 315 (335).

' 4. The defendants are concluded by the decree of foreclosure, and cannot be heard afterwards to assert the exemption. The sale which they ask to have set aside, was the precise relief prayed for by the bill and granted by the decree. To allow them to come in for the first time, after sale, and move to set it aside, is to convert such a motion in effect into a writ of error *coram nobis,* upon the decree; and to leave the plaintiff in the singular situation of a party litigant, with a decree in his favor, in full force and unreversed, which he is, nevertheless, forbidden to execute.

The defendants should have answered the bill, claiming the exemption, as was done in *Vanzant* v. *Vanzant.* Having had their day in court, and not having availed themselves of it, they are barred of their defense by the decree. The following cases are *directly in point: Lee* v. *Kingsbury,* 13 Texas, 68; *Tadlock* v. *Eccles,* 20 id. 782; *Larson* v. *Reynolds,* 13 Iowa, 579.

The order setting aside the sale should be reversed with costs.

Mr. J. B. HAWLEY, for the defendants in error.

The plaintiff in error relies upon two points to reverse the decree, setting aside the sale in this case. 1st. That the defendants in error by the mortgage waived the homestead; and 2d. That not having set up the homestead in reply to the original bill, the question is now *res judicata,* and for that reason cannot avail the defendants in error.

The correctness of both these positions, the defendants in error deny.

The homestead law of 1851 provides, " That in addition to the property now exempt by law from sale under execution, there shall be exempt from levy and forced sale, under any

*process or order from any court of law or equity in this State, etc.*

The exemption is from *any levy or forced sale* by virtue of any process or order from any court either of *law* or *equity.*

It is from the *process or order* to execute the decree or judgment, that the statute protects the homestead. And although the court might order the premises, constituting the homestead, to be sold, yet the statute regulates that process and does not allow its execution except in the mode pointed out by the statute.

The decree cannot be of higher authority than the statute, and where it orders a sale it must be subject to the statute.

That the mortgage itself did not waive the homestead right is settled by the following cases: *Kitchell* v. *Burgwin*, 21 Ill. 40; *Vanzant* v. *Vanzant*, 23 id. 540; *Green* v. *Marks*, 25 id. 222; *Leure* v. *Chapman*, 25 id. 612; *Smith* v. *Mark*, 26 id. 155. In the case of *Green* v. *Marks*, 25 Ill. 222, the court says: "By this enactment the debtor falling within its provisions, is required to perform no act, to discharge no duty, or even manifest any intention to avail himself of its benefits. The law casts it upon him, but at the same time has provided the means by which he may, if he shall choose, waive that benefit. But until he does so, or until some one of the circumstances, which is essential to the operation of the statute, ceases to exist, the exemption continues by its own force. But when the law has cast this exemption upon the debtor, it will be discharged from that condition, when the debtor ceases to occupy it as a residence, shall cease to have a family, or shall release or waive it in writing, subscribed and acknowledged by him in the same manner in which deeds are acknowledged."

The court also hold, in the same case, that the debtor having a homestead may, although there is a judgment against him which would, but for the homestead law, be a lien upon it, sell the homestead entirely free and discharged of such lien in the hands of his grantee.

If the mortgage itself did not waive the homestead, then the decree cannot be of any higher authority or dignity for the pur-

pose of taking away the homestead right, than would an ordinary judgment.

For the statute has given to *judgments, orders and decrees* simply as such, the same force and effect.

Now, when the court entered the decree of foreclosure, and ordered the sale of the mortgaged premises, it only gave authority to sell the mortgaged premises, when some one of the contingencies as mentioned in the case last referred to occurred.

When it ceased to become a homestead, and not otherwise, if that case be the law, or else after having first set off the homestead, or paid the thousand dollars as required by the act of 1851.

But it is insisted that because the bill was taken *pro confesso*, the defendants cannot afterwards be heard to object to the sale of the homestead.

What did the bill allege? It alleged the making of the note and mortgage and the failure to pay. There is no allegation that the defendants had not a homestead right in the mortgaged premises, nor is there any reference to that subject. The defendants could only be concluded by what was stated in the bill. The facts as stated in the bill being true, they had no occasion to deny them.

" Taking a decree *pro confesso*, will not amount to a confession of any fact not alleged in the bill. 1 Barb. Ch. Pr. 372.

In *Fry* v. *The Bank of Illinois*, 5 Gilm. 336, the court say: " The fact that the bill was taken for confessed, cannot help the case, because the defendant, by failing to answer, *admits only such allegations as are contained in the bill*, and the complainants would have been permitted to prove, had an answer been filed; and as the complainants *would not have been allowed to prove any substantive facts not alleged in the bill*, in case an answer had been put in, they cannot insist that any such are admitted for want of an answer." 2 Bibb. 123.

In *Gault et al.* v. *Hoagland et al.*, 25 Ill. 268, the court say: " A decree *pro confesso*, as we understand it, *concludes the party only as to the averments in the bill.*"

Such is the law, briefly and clearly stated, and, as I understand, everywhere admitted, unless it may be in the Texas and Iowa cases, cited by plaintiff in error; and even there they seem to have admitted the principle, but misapplied it in the cases referred to.

The defendants in error were prompt to complain of the irregularity in the sale, and entered their motion to set it aside at the first term succeeding the sale.

The mode of proceeding was a proper one, where an irregularity in the sale was complained of, as this court has often decided, and the manner of proceeding to set the sale aside, is not complained of by the plaintiff in error.

The plaintiff in error was the mortgagee and purchaser at the sale, and has never denied, and does not now deny, that the mortgaged property was, at the time of the execution of the mortgage and at the time of the sale, the homestead of the defendants in error.

Courts of equity will always exercise a supervisory care over the process issued to execute their decrees, and in England a sale is only treated as a bid, until confirmed by the chancellor. 6 Ves. 513; 8 id. 214; *Coffey* v. *Coffey*, 16 Ill. 143.

Mr. Justice Breese delivered the opinion of the Court:

The plaintiff in error obtained a decree in chancery to foreclose a mortgage and for a sale of the premises. A sale was had by the master in chancery, and on the coming in of his report thereof, the defendants entered their motion to set it aside, for the reason that at the time of the rendering of the decree, and at the time of the sale, the land was exempt from levy and forced sale under any order or decree of the court. They also proved that the premises were their homestead at the date of the mortgage, and long before and ever since, and as such occupied by the defendants and their family; that the mortgage debt was contracted after July 4, 1851, and was not incurred for the purchase or improvement of the premises, and that he has never released his right of homestead.

This motion was sustained and the sale set aside. The plaintiff took a bill of exceptions and brings the case here, assigning as error this decision of the court.

The plaintiff makes the point that the homestead act of 1851 imposes no restrictions upon mortgages of the homestead. It only exempts it from forced sale under judicial process. This admission disposes of the plaintiff's case. It is the sale, only, that has been disturbed. The decree remains as it was when rendered. A sale by the decree of a court of equity, under an order to the master to make the sale, is a forced sale, as much so as if the sale was made under a *fi. fa.* The cases of *Smith* v. *Marc* and *Ely* v. *Eastwood*, in 26 Ill., were sales made under a power to sell, and not by the order or decree of any court.

The other points made are, that the defendants in error by the mortgage, *ipso facto*, waived the homestead act; and that not having set up the exemption in an answer to the bill, the question has become *res judicata*.

We cannot assent to either of these propositions.

The statute points out the mode by which the exemption can be released and waived, and unless that mode is pursued, the exemption is not lost. *Walters* v. *The People*, 18 Ill. 199; *Kitchell* v. *Burgwin and wife*, 21 id. 40; *Vanzant* v. *Vanzant*, 23 id. 540; *Green* v. *Marks et al.*, 25 id. 122; *Deere* v. *Chapman*, id. 612; *Smith* v. *Marc*, 26 id. 155; *Pardee* v. *Lindley*, 31 id. 174; *Hoskins* v. *Litchfield*, id. 137.

This last case decides also that the omission to interpose the claim to the homstead as a defense to the bill to foreclose, is of no importance, as the party claiming it could avail of it by motion, as in this case.

This right is conferred by statute and can be divested only in the mode provided by the statute. A party may set it up in his answer to the bill, or he may claim it when the master proceeds to execute the decree. It is his duty to ascertain, a claim being made, if it is a homestead, and on his report coming in either party may except to the report, and contest the claim of homestead.

There is nothing alleged in the bill in this case about a homestead. Of course, then, taking the bill for confessed, does not amount to a confession of any fact not alleged in it. By failing to answer, the defendants admit only what is alleged in the bill. *Gault* v. *Hoagland et al.*, 25 Ill. 268.

The motion for relief, was made at the earliest moment, and was properly allowed. The judgment must be affirmed.

*Judgment affirmed.*