JOHN C. COE *et al.*

*v.*

THOMAS O. SMITH *et al.*

1. HOMESTEAD EXEMPTION—*effect of waiver and abandonment as between junior and senior mortgagees.* Where a mortgagor executes a first and second mortgage on premises in which he has a homestead, without a release thereof in the first, but with a release in the second, and then abandons the premises, the first mortgage is the prior lien, and takes, discharged of the homestead. See *McDonald* v. *Crandall*, 43 Ill., 231, applied to the facts in this case.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. CHARLES EMERSON, Judge, presiding.

Hamsher and wife conveyed, by mortgage, to Thomas O. Smith, a lot in Decatur, in which they had a homestead, without

29—47TH ILL.

waiving or releasing it in the deed. Subsequently the same parties conveyed by mortgage, to Coe and Van Duyn, the same premises, and in the deed to them, the homestead was waived and released in due form. Smith's mortgage was dated January 12th, 1858; Coe and Van Duyn's mortgage dated December 10th, 1860. January 25th, 1862, Smith filed his bill, praying a foreclosure, making Coe and Van Duyn parties defendant. Coe and Van Duyn filed a cross-bill praying that their mortgage be decreed the first lien, and that it be foreclosed, having set up the same facts in answer to complainant's bill. The court in the decree finds that the premises were abandoned by Hamsher, in the spring of 1861. Upon these facts, the court gave a decree to complainants, ordering the premises sold and the proceeds applied to Smith's mortgage, and the remainder, if there should be any, was to be applied to the Coe and Van Duyn mortgage, and the final remainder to Hamsher. The rendition of this decree, postponing Coe and Van Duyn's mortgage to the Smith mortgage, is the error assigned.

Mr. H. Crea and Mr. H. S. Green, for the plaintiffs in error.

We maintain that the mortgage to Coe and Van Duyn should have priority, and in support of this view, we cite *Green* v. *Marks*, 25 Ill. 221; *Brown* v. *Coon*, 36 Ill. 248; *Fishback* v. *Lane et al.*, 36 Ill. 438; *Bliss* v. *Clark*, 39 Ill. 590.

Messrs. Nelson & Roby, for the defendants in error:

1. By the abandonment of the homestead, the fee alone is left for either mortgage to operate on; the maxim, first in time is first in right, then applies.

2. There being no homestead in the premises at the date of filing the bills, the mortgage liens attach in the order of their priority.

3.  A man cannot have two or more homesteads at the same time one—in possession, and the rest sold or rented out.   Laws of 1851 and 1857; *Kitchell* v. *Burgwin*, 21 Ill. 40; *Green v. Marks*, 25 Ill. 221; *Boyd* v. *Cudderback*, 31 Ill. 119; *Smith* v. *Miller et ux*, ib. 160; *Gindo* v. *Gindo*, 14 Cal. 507; *Harper* v. *Forbes*, 15 Cal. 204; *Tillotson* v. *Mullord*, 7 Minn. 520; *Davis*, *Moody & Co.* v. *Keiley et al.*, 14 Iowa.

Per Curiam:   This case is, in all material particulars, like that of *McDonald* v. *Crandall*, 43 Ill., 231, and we must hold, as was there held, that the elder mortgagee takes the title.

*Decree affirmed.*