WILLIAM H. WOLF *et al.*

*v.*

ANDREW J. WOLF.

1. CURTESY. Where a wife died in April, 1872, in the possession of real estate under a quit-claim deed, children having been born alive during the marriage, it was *held*, that the life estate of the husband by the curtesy became consummate, and a recovery by him in ejectment against his children, the heirs at law of the deceased wife, was sustained.

2. INHERITABLE ESTATE—*evidence of.* The possession of a wife of real estate under a quit-claim deed purporting to convey the title as between the parties, is of itself evidence of an inheritable estate in her.

3. HOMESTEAD—*by children as against father claiming by the curtesy.* Where the husband succeeded to an estate by the curtesy in the homestead of his wife upon her death, before the act of 1872 took effect, the question of homestead right in favor of the minor heirs of the wife can not arise as against him, and he may recover in ejectment against the heirs.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of ejectment by Andrew J. Wolf against William H. Wolf, Henry H. Wolf, Adelia Wolf and Caroline Wolf, for the recovery of a lot in the city of Bloomington. The plaintiff in his declaration claimed a life estate.

The plaintiff introduced in evidence a quit-claim deed from J. H. Rowell to Susannah Wolf, his late wife, dated October 3, 1870, purporting to convey the lot to her. The plaintiff was then sworn, and testified that Susannah Wolf was his wife; that defendants were his children; that Susannah Wolf died in April, 1872; that defendants were in possession of the premises; and that Susannah Wolf lived upon the premises at the time of her death. This was all the evidence on his part.

The defendants proved that they lived upon the premises with their mother up to her death, and were still in possession of the same; that the plaintiff had not lived with his

wife for more than two years past, and had abandoned her and refused to support her or the family ; that one of the defendants was still a minor, and that the premises were occupied as a homestead by the defendants.

There was a judgment in favor of the plaintiff, from which the defendants appealed.

Messrs. ROWELL & HAMILTON, for the appellants.

Messrs. PHILLIPS & BROOKS, and Messrs. A. G. & H. L. KARR, for the appellee.

Per CURIAM: Appellee claims a life estate in the premises described in the declaration. His late wife, Susannah Wolf, had been in possession under a quit-claim deed from Jonathan H. Rowell. The deed, though in form a quit-claim, was as effectual as a deed of bargain and sale to invest her with the fee.

Living children had been born unto them, and on the death of the wife, which occurred before the commencement of this suit, the life estate of appellee by the curtesy became consummate. There can be no doubt, from the evidence, the possession was that of Mrs. Wolf, although her children resided with her, one of whom was a minor.

The prior possession of the wife, under a deed purporting to convey the fee as between the parties, appellants being the children of appellee and his deceased wife, is itself evidence of an inheritable estate; and as both parties claim under a common source of title, appellee has established his right to a life estate in the premises.

It is not perceived how the question of homestead can arise as between these parties.

The judgment of the circuit court was fully warranted by the law and the facts, and must be affirmed.

*Judgment affirmed.*