Adolph Lœb *et al.*

*v.*

Margaret McMahon *et al.*

1. Homestead—*as against estate by curtesy given husband.* Under the law giving a homestead exemption, to continue after the death of the householder in whom it may be, for the benefit of the family, until the youngest child becomes twenty-one years of age, the homestead exemption right is paramount to the husband's estate by the curtesy, and must prevail over it when there

is attempted to be asserted in opposition to it, as against surviving children, a right acquired by grant from the husband of his estate as tenant by the curtesy.

2. When a wife, seized of land, dies while occupying the same as a homestead, and her husband and minor children continue such occupancy after her death, and the husband executes a deed of trust upon the premises, under which a sale is made, a court of equity will enjoin a suit at law for the recovery of possession brought by the purchaser at the trustee's sale, until the youngest child becomes twenty-one years of age, but it will be error to declare the sale and deed made by the trustee inoperative and void, and require the purchaser and trustee to convey their interest to the minor children.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. BARBER & LACKNER, for the appellants.

Mr. ALEXANDER S. BRADLEY, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On November 10, 1865, Ellen Rourke, the wife of Michael Rourke, became seized in fee of lot 26, in C. J. Hall's subdivision of block 27, in Canal Trustees' subdivision, etc., by conveyance thereof to her by one Daniel J. Avery. She resided thereon with her husband and children, occupying the same as a homestead, until her death, in November, 1868; and ever since, the husband and two of the minor children have continued to occupy the premises as a homestead.

Michael Rourke, after the death of his wife, Ellen, married one Bridget Mahoney, and they, afterward, on July 30, 1873, executed a trust deed, conveying the premises to William Lœb, in trust, to secure the payment of a promissory note of Michael Rourke, of the same date, for $130, the said Bridget Rourke signing the deed by the name of Ellen Rourke. For default in payment of the note, William Lœb, as such trustee, on November 12, 1875, sold the premises under the trust deed to Adolph Lœb, and made a deed of conveyance thereof to him in fee simple. On December 30, 1875, Adolph Lœb commenced an action of forcible detainer against Michael Rourke

and two of his minor children, living with him upon the premises, to recover possession of the same. This bill in chancery was brought by the said two minor children of Michael and Ellen Rourke, and their other four children, all but one of the latter being under age, against Adolph and William Lœb, and Michael Rourke and wife, to enjoin the prosecution of said suit of forcible detainer, and to have declared void the sale under the trust deed. The court below decreed the relief sought, and Adolph and William Lœb took this appeal.

The appellees claim a homestead right in the premises through Ellen Rourke, their deceased mother, who died seized thereof.

The appellant, Adolph Lœb, claims right of possession through Michael Rourke, the surviving husband, as becoming tenant by the curtesy, upon the death of his wife Ellen, and under whose trust deed to William Lœb his life estate was sold and passed to him, Adolph Lœb. There is no dispute of fact as to Ellen Rourke having had a right of homestead exemption in the premises, or as to the acquirement by Adolph Lœb of all the estate Michael Rourke had in the same, or in any other respect.

The only question is, which is the superior right and should prevail here, the right as tenant by the curtesy conveyed to a third person, or the homestead right in the minor children.

The provision of the homestead act of 1851, the one which governs here, is express, that the right of homestead exemption shall continue after the death of the householder having it for the benefit of the family, until the youngest child shall become twenty-one years of age.

The homestead law has ever received a liberal construction from this court, for the carrying out of its end of securing a home for the family.

In *Hoskins* v. *Litchfield et ux.* 31 Ill. 143, it was observed, that the object of the legislation upon the subject was, especially to throw a shield and protection around the wife and

490          LŒB *et al.* v. McMAHON *et al.*          [Sept. T.

Opinion of the Court.

children, even more than the husband,—that to those, it de-signed to secure a home in spite of the husband and father; that in one of these modes alone, viz: release by the wife, or aban-donment, does the law design that the right of homestead ex-emption shall be lost to the wife and children; that the right was designed by the legislature to be as sacred as the right of dower, and from similar considerations of public policy. This is the light in which the homestead exemption is viewed by the decisions of this court. In their spirit, we can not do otherwise than hold, that the express enactment of the legislature, that the homestead right shall continue after the death of the house-holder in whom it may be, for the benefit of the family, until the youngest child shall become twenty-one years of age, must prevail,—that it must have the effect to make the homestead right the paramount right, when there is attempted to be asserted in opposition to it, as against surviving chil-dren under twenty one years of age, a right acquired by grant from the husband of his estate as tenant by the curtesy.

The estate by curtesy must be held as qualified by the homestead exemption, and to yield thereto whenever there may be interference between them.

Appellants' counsel cite, as in support of the right claimed by appellants, the cases of *Wolf et al.* v. *Wolf,* 67 Ill. 55, *Sontag* v. *Schmisseur,* 76 id. 541, and *Fight* v. *Holt,* 80 id. 84.

In the former case, a judgment in an action of ejectment, brought by the surviving husband of the wife in whom was a homestead right at her death, against the children occupying the homestead, one of them being a minor, was sustained in favor of such surviving husband and father. But, it was there expressly stated, that it was not perceived how the question of homestead could arise as between the parties there.

That case, then, can not be considered as in opposition to the decision here, where the question of homestead certainly does arise between the parties. Giving the father possession

in that former case, would not appear to be depriving the infant defendant of the homestead.

In the two other cases cited, the question was between widow and heirs, it being held that the widow was not entitled to hold a homestead as against the heirs. They appear to be without application.

The decree in the case should have done no more than to enjoin the prosecution of the suit of forcible detainer, or any other suit to recover possession of the premises until the youngest child should become twenty-one years of age, and to that extent it is affirmed, but so far as the decree declares the sale and deed made by William Lœb to be inoperative and void, and that William Lœb and Adolph Lœb execute a conveyance of their interest in the premises to the complainants, it is erroneous and is reversed, and the cause is remanded.

The costs in this court will be divided equally between the parties.

*Decree affirmed in part, and in part reversed.*