JOHN A. ASHER

*v.*

JAMES MITCHELL.

1. HOMESTEAD RIGHT—*whether put in issue in suit to foreclose mortgage.* Where a bill to foreclose a mortgage contained no allegation in regard to a right of homestead, and the answer of the mortgagor merely stated that defendant "further alleges that said described premises *is* his homestead where his family resides," and prayed that commissioners might be appointed to set off his homestead, etc., and the mortgagor's wife in her answer alleged that it had been made known to her that the laws of the State provided for a homestead ex-

emption to the value of $1000, and that as the mortgage did not waive the homestead, prayed that commissioners might be appointed, etc., it was held those allegations were insufficient to put in issue the homestead right in such foreclosure suit.

2. SAME—*how availed of.* Where a mortgage does not contain a release of the homestead, and in a suit to foreclose the mortgage the homestead right is not put in issue, and a decree is rendered under which the premises are sold and a deed issued to the purchaser, in ejectment brought by such purchaser the mortgagor may avail himself of his homestead right.

3. SAME—*when judicial sale of, confers no title.* Where there has been no release of the homestead, no right will pass by a judicial sale of it under a decree of foreclosure, which can be enforced at law in an action of ejectment, when the owner of the homestead right is occupying it at the time of the sale.

4. ADMISSION—*what can be availed of as such.* Where a defendant offers in the court below to prove certain facts, which facts would have destroyed his defence, and the offered evidence is excluded upon the objection of the plaintiff, the latter can not, in this court, avail himself of such offered evidence as an admission.

5. EJECTMENT—*what may be shown as defence.* A defendant in an ejectment may show, by way of defence, title in himself or an outstanding title in a third party.

6. PRACTICE—*order in which defendant's proof may be offered.* The defendant in ejectment, in establishing title in himself or another, has a right to commence anywhere in his chain of title he pleases. If, when he is through, a link is wanting, the whole of his evidence must on motion be excluded from the jury.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. WARREN & POGUE, for the plaintiff in error.

Messrs. S. T. & R. S. SAWYER, for the defendant in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was an action of ejectment, brought to the March term, A. D. 1872, of the circuit court of Jersey county, by James Mitchell, defendant in error, against John A. Asher, plaintiff in error, for the recovery of lot 10, in block 13, in the town of Jerseyville, in said county. There were four trials of the

31—92 ILL.

case altogether, the last one being at the September term, 1878, of the court.

Both parties claimed title to the lot in question through one Charles H. Roberts, as a common source of title. The plaintiff, for the purpose of establishing title in himself, showed that on the 10th of July, 1858, Charles Roberts and wife executed a mortgage upon the lot in question to Stigleman & Co., to secure two notes given at the same time by Roberts to Stigleman & Co. for the sum of $237.50 each, payable respectively in eight and ten months; that Stigleman & Co., on the 3d of August, 1859, filed a bill in the Jersey county circuit court against Roberts and wife, to foreclose the mortgage above mentioned; that at the April term, 1865, of the court a decree of foreclosure was rendered under which, on the 12th day of November, 1870, the mortgaged premises were sold by the master in chancery to defendant in error, who subsequently, on the 16th of February, 1872, received from the master a deed for the premises.

Plaintiff in error, for the purpose of showing title in himself, offered in evidence a deed of trust for the lot in question, from Roberts and wife to Benjamin Wedding, as trustee, dated March 10, 1863, to secure Charles C. Roberts' note of that date for $870 payable to Henry C. Roberts ten months after date. The deed of trust contained a power of sale, with a release and waiver of homestead by Roberts and wife.

Plaintiff in error also offered in evidence a deed for the same premises from Wedding to Jefferson G. Roberts dated April 8, 1865; also a deed from the latter to plaintiff in error for the same premises dated the 9th of November, 1865; but on objection by defendant in error they were all excluded from the jury, no reason being assigned therefor either by court or counsel. Plaintiff in error then proposed to prove that Charles Roberts and his family, before and at the time of the execution of the mortgage to Stigleman & Co., and from thence to the time of the execution of the deed of trust to Wedding, had occupied the premises in controversy as a

homestead, which was also objected to and excluded by the court. Plaintiff in error then offered to prove that Charles Roberts and family had, for the last twenty years, continuously occupied the premises as a homestead and paid all the taxes thereon, and that the indebtedness secured by the mortgage to Stigleman & Co. was the consideration of a portable saw mill, and that the same did not accrue on account of the purchase or improvement of the lot in question, which the court also excluded from the jury. Plaintiff in error not offering anything further, there were a verdict and judgment for defendant in error as already stated.

Various reasons are urged for a reversal of the judgment of the court below, but in the view we take of the case only one or two of them present any difficulty or require any special notice.

By reference to the mortgage given to Stigleman & Co., it will be seen that there was no waiver of the homestead, and if it be true that at the time of the trial Roberts and wife were still in possession of the lot, occupying the same as a homestead, as plaintiff in error proposed to prove, it would follow that the defendant in error was not entitled to recover. It is claimed, however, by the latter, that by reason of the proceedings and decree in the foreclosure suit, Roberts and wife and all persons claiming under them are estopped from setting up any claim of homestead in the premises; and this is undoubtedly true if the homestead rights of Roberts and wife were in point of fact put in issue in those proceedings.

By reference to Roberts' answer it will be found that all he says on the subject of a homestead in the premises is contained in these words : "He further alleges that said described premises *is* his homestead where his family resides." He then proceeds to pray that commissioners be appointed to set off his homestead, etc. The wife in her answer says that it had been made known to her that the laws of the State provided for a homestead exemption to the value of $1000, and that as the mortgage did not waive the homestead, prayed that com-

missioners might be appointed, etc.    What is here stated is all
that is said in their answers, in relation to the homestead.

It will be perceived that the only fact stated by either party
upon which any issue could be formed is that stated by Rob-
erts by way of recital, viz: that his family at the time of the
answer resided on the mortgaged premises, and even if that
had been affirmatively proved, it would not have even tended
to show that the premises constituted their residence or home-
stead at the time the mortgage was executed.    It is manifest
that the answer sets up no fact or facts showing the existence
of a homestead at the time of the execution of the mortgage.
Indeed, it is not so much as claimed that the premises con-
stituted their homestead at the time.    See *Kitchell* v. *Burgwin
et ux.* 21 Ill. 40.

Everything stated in either of the answers might safely
have been admitted, and still the complainant would have been
entitled to a decree of foreclosure of the mortgage.

By reference to the bill itself it will also be perceived that
it does not contain any charge with respect to a homestead or
claim of homestead in the premises; nor is there anywhere to
be found in it the slightest allusion to that subject.    It is there-
fore very manifest that the rights of Roberts and his family to
a homestead in the premises were not put in issue by the plead-
ings in that case, and if, by reason of the proceedings and
decree therein, they lost the right of homestead, it must be
upon the ground that it was their duty to have set it up in
that suit, and that having failed to do so, they are now estopped
from doing it.

Without doubt, as a general rule, it is the duty of one seek-
ing by bill in chancery to enforce rights in or pertaining to
real property, to make all persons claiming an interest in the
same property, who would in any manner be affected by the
decree to be rendered in the case, parties to the suit, and when
so made parties it is their duty, if the bill does not properly
state or disclose their true interest, to do so themselves either
by answer or cross-bill, as circumstances may require, and if

they do not they will be estopped from doing so afterward. This court, however, in construing the Homestead act of 1851 as amended by the act of 1857, said, in the case of *Hoskins* v. *Litchfield et al.*, as far back as 1863 : "No one can doubt, who will carefully examine this legislation, that it was the object of the legislature especially to throw a shield and protection around the wife and children even more than the husband,— to those they designed to secure a home in spite of the husband and father, and in defiance of the world, unless it should be expressly and understandingly released by the wife in the mode provided by the statute, or unless she removed from and abandoned it as a home. This mortgage, as to the homestead right, is like a mortgage in which the wife has not released her right of dower when sought to be enforced in defiance of that right.

"Suppose a wife, in such case, were made a party to a bill to foreclose a mortgage, without any averments that any right of dower existed, or that the wife had released her dower, and a decree passed against the husband and wife foreclosing the mortgage and ordering a sale of the premises,—no one would contend that the right of dower would be affected by such a decree. * * * *The husband can not, by neglecting to make a defence for himself and wife, give the mortgage in which the wife has not released the homestead the same practical effect it would have, had she thus released.* This would be to defeat the statute and its manifest object by mere legal form." 31 Ill. 137.

*Wing* v. *Cropper et ux.* 35 Ill. 256, was a case of foreclosure of a mortgage containing no release of the homestead, where the defendants had failed to make answer to the bill and a decree *pro confesso* was entered against them. At a subsequent term of the court, upon the coming in of the report of the sale, the defendants, for the first time, set up the right of homestead in the mortgaged premises, and it was there urged by complainant that the defendants not having set up the exemption of the homestead by answer to the bill,

the question had become *res judicata,* and we there said we could not assent to that proposition; that the statute pointed out the mode by which the exemption can be released and waived, and unless that mode was pursued the exemption was not lost.

Again, in *Mooers et al.* v. *Dixon et ux.* 35 Ill. 208, we sustained an original bill by husband and wife to set aside a sale made under a decree of foreclosure of a mortgage in which there had been no release of the right of homestead, although complainants had been duly served with process but had made no defence.

The principle upon which these cases all rest is, that the homestead is intended for the benefit of the debtor's family as much as himself, and the law will not permit him to defeat this right of his family by mere negligence and *laches* on his part. To permit this to be done would be to allow the husband to accomplish by his own negligence that which the legislature has said shall be done in an entirely different way, namely, by a written release or by a total abandonment of the premises as a homestead.

The early doctrine of this court upon this subject, as shown by the cases just cited, was considered and approved in the case of *Hubbell* v. *Canady,* 58 Ill. 426. We there said: "This right of homestead is conferred by statute, and can be divested only in the mode provided by the statute. Through a debt incurred for the purchase or improvement of the homestead, or the non-payment of taxes or assessments, or by a removal from and its abandonment as a homestead, the wife's right to interpose her claim may be barred, but the husband has no power in any other mode to affect the wife's right." And finally, in *Lœb* v. *McMahon,* 89 Ill. 487, we cite with approval what was said in *Hoskins* v. *Litchfield, supra.*

The only case that would seem to conflict with the principle announced in the cases above cited, is the case of *Wright et al.* v. *Dunning,* 46 Ill. 271. That was a bill by the widow for the assignment of a homestead in certain premises, being the

same that constituted the homestead of the family in the life-
time of the husband. It appeared, that prior to the filing of
the bill by the widow, the heirs of Eben Dunning, her hus-
band, had filed a petition for the partition of the homestead
premises and for the assignment of the widow's dower therein,
and she having made no claim of the right of homestead
in the partition suit, was concluded by the decree in that
proceeding, and was not, therefore, entitled to have a home-
stead assigned her in the partitional premises. That case,
however, differed very materially in its circumstances from
those we have been considering and the one now before us.
In the first place, that was a controversy between the widow
and the children upon whom the legal title to the premises
had devolved at the death of her husband, and the court found,
as a matter of fact, that she had acquired a new homestead,
and as a necessary consequence, had abandoned whatever right
she may have had in the old one. The truth is, she never, as
against the heirs, had any homestead in the premises after the
death of her husband, and the case might well have been put
on that ground alone. *Eggleston* v. *Eggleston,* 72 Ill. 24;
*Sontag* v. *Schmisseur,* 76 id. 541; *Fight* v. *Holt,* 80 id. 84.
But in this same case of *Wright et al.* v. *Dunning,* it is ex-
pressly laid down that the right of homestead is not at all
affected by reason of the husband and wife failing to set up
such right by way of answer or otherwise in a proceeding to
foreclose a mortgage in which there had been no release or
waiver of the homestead.

The rules and principles applicable to the sale of homestead
premises have been so often discussed by the court that no
good could result from a general review of the cases. It may
not, however, be inappropriate to express in a few general
propositions the result of the authorities on the subject. Some
of the rules and principles to be eliminated from the cases
decided by this court under the act of 1851 and the amenda-
tory act of 1857 with respect to the sale and transfer of home-

stead premises, whether made voluntarily or under judicial process, may be expressed in the following propositions:

1. No premises occupied as a homestead are by virtue of the homestead act, or the amendment thereto, "exempt from sale for non-payment of taxes, or assessments, or for a debt or liability incurred for the purchase or improvement thereof."

2. Where the homestead premises are not worth more than $1000, a judgment against the owner is no lien upon them, and he may sell them to whomsoever he pleases, and the purchaser, when put in possession, will hold them free from the vendor and all claims of his creditors by judgments or otherwise. *Green* v. *Marks*, 25 Ill. 221; *Conroy* v. *Sullivan et al.* 44 id. 451; *Hume et al.* v. *Gossett*, 43 id. 297; *Fishback* v. *Lane et al.* 36 id. 437.

3. If, where the premises are not worth more than $1000, the homestead debtor may sell them to whomsover he pleases free from all judgment liens, as just stated, it follows that in such case, where there are two judgments against such homestead debtor, he may sell the homestead premises in satisfaction of the junior judgment, and such junior judgment creditor will have a good title as against the senior judgment creditor. The latter's judgment, not having been a lien before the sale, does not attach as such after the premises are transferred to another. *McDonald* v. *Crandall*, 43 Ill. 231.

4. Where the homestead premises are worth over $1000 a judgment or decree against the homestead debtor will be a lien upon whatever the premises may be worth in excess of $1000, but such lien can only be enforced in the manner prescribed by the statute or in a court of equity. *Blue* v. *Blue et al.* 38 Ill. 18; *McDonald* v. *Crandall*, 43 id. 231; *Loomis* v. *Gerson*, 62 id. 11; *Cummings et al.* v. *Burleson et al.* 78 id. 281; *Stevens* v. *Hollingsworth*, 74 id. 202; *Eldridge* v. *Pierce*, 90 id. 474.

5. Where homestead premises being worth over $1000 are sold under an execution, or by order of some court, without setting off the homestead, the purchaser acquires no title

which he can enforce in a court of law, and the fact that the homestead debtor may have abandoned the premises after such sale will not alter the rule in this respect. *Hartwell et al.* v. *McDonald*, 69 Ill. 293; *Blue* v. *Blue et al.* 38 id. 18; *Bliss* v. *Clark*, 39 id. 590; *Stevens* v. *Hollingsworth*, 74 id. 202.

6. Where the owner makes a conveyance of the homestead premises without a waiver of the right of homestead, the fee in the premises passes to the grantee subject to the grantor's right of homes·ead, and whenever such right of homestead terminates, by whatever means effected, the grantee's right to the possession at once accrues. *Coe et al.* v. *Smith et al.* 47 Ill. 225; *McDonald* v. *Crandall*, 43 id. 231 ; *Hewitt* v. *Templeton et al.* 48 id. 367 ; *Finley et al.* v. *McConnell*, 60 id. 259.

7. It necessarily results from the proposition last stated, that if the owner of homestead premises conveys the same in fee without waiver of the right of homestead, and afterwards conveys the same premises to another with a waiver and release of the right of homestead, and the latter is put in possession, and the grantor abandons the premises, the latter grantee will acquire nothing but a naked possession, from which he may be ousted by the first grantee. See authorities last cited.

8. On the same principle if the owner mortgages the homestead without release or waiver of the homestead exemption, and subsequently mortgages the same premises to another with such waiver, and surrenders the premises to the latter, the first mortgage will have precedence over the second, and after condition broken and surrender the first mortgagee may maintain ejectment for the premises against the second or any one claiming under him. *Vasey* v. *Board of Trustees, etc.* 59 Ill. 188.

9. If the owner mortgages or executes a deed of trust on homestead premises worth over $1000, without waiver of the right of homestead, the mortgage will nevertheless be a lien upon whatever the premises may be worth in excess of $1000,

and this lien may be enforced in equity as soon as default in payment. *Boyd* v. *Cudderback et al.* 31 Ill. 113; *Smith* v. *Miller*, 31 id. 157; *Booker* v. *Anderson*, 35 id. 67; *Black*, *Admr. etc.* v. *Lusk*, 69 id. 70.

10. If the owner mortgages or executes a deed of trust upon homestead premises without a waiver or release of the right of homestead, worth not to exceed $1000, such mortgage or deed of trust does not create a lien upon the premises; but if the premises should be abandoned as a homestead, the lien would at once attach; or if the premises should from any cause increase in value, so as to become worth more than $1000, the lien would at once attach to the excess.

Now, if no right will pass by a judicial sale of homestead premises, however valuable they may be, that can be enforced in an action of ejectment, as we have just seen none will, it follows that it was an important inquiry in the court below to determine whether Roberts ever occupied the premises in question as a homestead, and if so, how long; secondly, whether they were so occupied by him at the time of the sale under the foreclosure proceedings. For if there was a homestead right in Roberts and his family at the time, the sale at law was void; and the fact that Roberts subsequently abandoned the premises to Archer would not have the effect, as we have already seen, to make plaintiff's title available in an action at law. There is really no proof in the record to show that Roberts and his family are not at this time occupying the premises as a homestead.

It is true that, for the purposes of this suit, Archer's plea of not guilty admitted that he was in possession at the time of the commencement of the suit. And it is also true that defendant in error proposed to prove that Roberts and wife executed a deed of trust on the premises, under which they were sold, and that the trustee, upon such sale, conveyed the same to the purchaser, who subsequently conveyed to Archer, and that the latter entered the premises, under his purchase, some time before the sale under Roberts' mortgage to Stigle-

man & Co.    But all this, for some reason which is unaccountable to us, was excluded from the jury, and having been excluded at the instance of defendant in error, he can not now avail himself of it as an admission.

Counsel for defendant in error seem to have been proceeding in the court below upon the theory that having once made out a *prima facie* right of recovery, any evidence offered by plaintiff in error that was inconsistent with it was not competent testimony, and the court seems to have fallen into the same idea.    It is certainly the right of a defendant in an ejectment suit to show, by way of defence, title in himself, or an outstanding title in a third party; and in establishing a chain of title, either in himself or another, he has the right, as we have often said, to commence anywhere in his chain of title he pleases, and the court can never know, till he is through, whether his chain is a perfect one or not.    If, when he is through, a link is wanting, the whole must fall, and should on motion be excluded from the jury.

The deeds should not have been excluded in the manner they were.    Nor should the evidence offered to establish a homestead right in the premises in Roberts have been excluded.

For these errors the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*