### Corn Belt Bank, Defendant in Error, v. W. H. Fisher et al., Plaintiffs in Error.

1. MORTGAGES, § 504*—*requisite proof on bill taken pro confesso.* Where a decree of foreclosure and for a deficiency is entered *pro confesso* upon default, such decree if warranted by the averments of the bill is unassailable, there being no need of any evidence, as the finding of the court as to facts is conclusive.

2. MORTGAGES, § 504*—*effect of decree pro confesso.* Upon the prosecution of a writ of error to reverse a deficiency decree entered against subsequent grantees of mortgaged premises, where the averments in the bill of foreclosure were sufficient to support the decree and defendants permitted the cause to go by default so that a decree *pro confesso* was taken against them, *held* that they were concluded from questioning its correctness.

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 16, 1914.

DEMANGE, GILLESPIE & DEMANGE, WELTY, STERLING & WHITMORE and JAMES F. CLARK, for plaintiffs in error.

H. A. BAILEY, for defendant in error.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The defendant in error, the Corn Belt Bank, filed a bill in the Circuit Court of McLean county to foreclose a mortgage. On July 12, 1907, E. J. Robbins, a real estate dealer, held the record title to "all of block forty-two (42) in the First Addition to the Town of Normal, except fifty (50) feet adjoining the Chicago and St. Louis Railroad right of way  *  *  *  in McLean county, Illinois," and on that day, with Julia F. Robbins, his wife, executed the mortgage in question thereon to the Corn Belt Bank of Bloomington, to secure the payment of thirty-five hundred dollars, payable three years after date, with interest at six per cent. payable semiannually as per note and coupons. After the execution of the mortgage by Robbins to the Corn Belt Bank the property changed hands several times and finally the title landed in the plaintiff in error Grace P. Golden. In none of the deeds which were taken by the various grantees of this property was it provided that the grantee should assume and agree to pay the mortgage, but the deeds each time were made subject to the mortgage. Default was finally made in the payment of the interest and mortgage and a foreclosure had. All the subsequent grantees after the owner who executed the mortgage to the Corn Belt Bank were made party defendants.

The bill, after reciting the execution of the mortgage by E. J. Robbins and wife, averred that "thereafter the defendants Ida M. McGinnis, John W. Grapes, John H. Holmes, W. H. Fisher, Harvey E. Duncan, Herbert L. Hinton and Grace P. Golden respectively purchased and successfully became owners of the mortgaged premises, and that as a part of the consideration or purchase price paid by each of said defendants therefor each in turn assumed and agreed to pay said mortgage indebtedness; that the amount of said mortgage indebtedness was then and there deducted from the consideration or purchase price paid by each of said defendants for said premises."

A default was entered against all defendants and the cause was referred to the master who made his report. Evidence was introduced before the master tending to show that the grantees in various conveyances assumed and agreed to pay the mortgage, with the exception of the defendant John W. Grapes, who although defaulted was permitted to appear before the master and testify that the trade between him and his grantor McGinnis was only a trade of the equities and that he did not assume and agree to pay the incumbrance, and on this testimony no decree was taken against him personally for the payment of the indebtedness. The decree entered in the foreclosure proceeding ordered that the defendants, all of them who were the subsequent grantees excepting the defendant John W. Grapes, should pay this mortgage. A deficiency decree was prayed for, the property sold for less than the amount required to pay the mortgage and a deficiency decree was taken against all defendants excepting John W. Grapes.

This writ of error is prosecuted to reverse the deficiency decree against these subsequent grantees. The deeds were offered in evidence in the foreclosure proceeding and none of them show that the grantees assumed or agreed to pay the mortgage indebtedness, but the evidence offered before the master in chancery and contained in his report tends to show that this was the agreement, although the agreement is not contained in the deeds.

It is very evident from this record that if the parties had made a proper defense to this action no deficiency decree could have been entered against anybody excepting the original mortgagor, but under the practice in this State it is the rule that when the bill contains proper averments and a default is entered and a decree of *pro confesso* taken that it is not necessary to sustain the allegations by any proof, and that after that it is too late for the defendant to attack the decree. Such

decree if warranted by the averments of the bill is unassailable. *Monarch Brewing Co. v. Wolford,* 179 Ill. 252. There need be on evidence. The finding of the court as to the facts is conclusive. *Gault v. Hoagland,* 25 Ill. 266; *Wing v. Cropper,* 35 Ill. 256; *Martin v. Hargardine,* 46 Ill. 322; *DeLeuw v. Neely,* 71 Ill. 473; *Hannas v. Hannas,* 110 Ill. 53; *North Chicago St. R. Co. v. Ackley,* 171 Ill. 100. The averments in the bill were sufficient to support the decree, and the defendants having permitted the case to go by default and a decree *pro confesso* to be taken against them, they are now concluded from questioning its correctness and the decree must be affirmed.

*Affirmed.*