ANDREW H. YOUNG AND WIFE, Plaintiffs in Error, *v.* JOSEPH GRAFF, Defendant in Error.

ERROR TO SUPERIOR COURT OF CHICAGO.

Where a *feme covert* voluntarily conveys real estate, which she holds in her own right, by a deed of trust, to secure a debt due by her husband, equity will hold it liable, and will decree a sale.

If the estate mortgaged is claimed as a homestead, or greatly exceeds in value the amount for which it is encumbered, a strict foreclosure should not be allowed ; unless the homestead right has been waived, the sale should be made subject to that right.

THIS bill charges that defendants were married in 1838; that on the 20th of July, 1855, defendant Andrew bought, with fraudulent intent, of Thomas Speer, lot one, block ninety, school section addition to Chicago, and paid for it with his own money, but at the time of the purchase and with the fraudulent intent thereafter mentioned, he put forward his wife as the actual vendee, and had the deed taken to her by the name of Ellen Coughlin.   Charges on information and belief that defendant Ellen was cognizant of the intended fraud, and co-operated in carrying out the same.

Charges that Young had the purchase in that way for the purpose of raising money, he being supposed to be insolvent, and that he did raise money and particularly on the 14th of May, 1858, on which day said defendant Andrew negotiated a note of $2,700 at Greenbaum Brothers, and said Ellen executed as security a trust deed upon the property aforesaid.

That said note and trust deed were purchased by one Coffin

S. Brown, and complainant bought of Brown, June 9th, 1859, and paid a good price therefor.

That before that, defendant Andrew had borrowed $116 of one Magill, and given a judgment note for that sum, signed by himself and said defendant Ellen, by the name of Ellen Coughlin; that judgment was entered upon said note March 24th, 1857, and execution issued for $128.80. That defendant Andrew paid the amount of the execution, all but $16, and gave the sheriff a receipt which he held of Magill, for $16, and sheriff receipted in full. That in fact, that $16 had already been allowed in taking the judgment. That the sheriff discovered that he had been imposed upon, and made a demand for the balance, and returned the execution only partially satisfied. That an *alias* issued, and the property aforesaid was sold thereon, November 20, 1857, to Clarkson & Tree, plaintiff's attorneys, who subsequently obtained a deed therefor, and who conveyed to the complainants.

That complainants caused the property to be advertised for sale upon the trust deed; and that said Andrew and Ellen, for the purpose of defrauding complainant, filed a bill in the name of Ellen Coughlin against complainant, the trustee, Magill, Brown and others, setting up an agreement for an extension of the $2,700, on the part of said Brown, and the sale on execution, and that said Ellen was ignorant thereof; which complainant alleges, was in fraud of his rights.

That defendant Andrew testified as a witness, in said mentioned suit, and sets out his testimony. Complainant says he was ignorant that said Ellen and Andrew were man and wife at the time said bill was filed. That said bill was subsequently dismissed, the premises sold, and complainant purchased the same.

Complainant demanded possession of said Ellen, which she refused; charges that defendants have carried on for years a systematic scheme of fraud.

Prayer that the said Andrew H. Young and the said Ellen, his wife, and all persons claiming under them, may be absolutely bound and foreclosed of and from all right and title in and to the premises, and decreed to join in a conveyance of

the same to complainant, and to surrender the premises; and for general relief.

Acknowledgment by Henry Greenbaum, that Ellen Coughlin, a widow, "who is personally known by me to be the same person whose name is subscribed," etc., etc.

The answer of defendants admits the marriage; says that the property purchased in 1855, was with money earned by their joint labors; that Andrew was a spendthrift, and addicted to drinking, and in order to preserve a homestead to said Ellen and a family of four children, it was agreed the lot should be purchased for said Ellen's exclusive benefit, and should so become the property of said Ellen, so as to be entirely out of the control of said Andrew.

That said Ellen greatly feared that it would otherwise be wasted, and the family left in want and without a homestead; that the lot was accordingly deeded to Ellen, under her maiden name of Coughlin, there being no concealment from the vendor that she was the wife of said Andrew, and no fraudulent intent, the said defendant supposing that if the deed came to Ellen Young by that name, said Andrew would be able to control the property and sell and squander it; that said Andrew was not in debt at the time of the purchase, to exceed $50. Denies all idea of fraud, and Ellen declares her only intention to have been to preserve said property as a homestead for herself and children.

Denies the raising of money except as follows: that said Andrew by great importunity, drove said Ellen into giving a mortgage to raise $1,200, for the sum of $1,300—the excess of $100 being usurious interest; and afterwards she was induced to mortgage for the sum of $336, afterwards for $250, to pay a bill for liquors for said Andrew, which said Andrew afterwards paid, and for $450 after that. That said Andrew paid large amounts of usurious interest, and that on the 11th of August, 1857, there being $2,000, in all, due upon the various mortgages, including usurious interest on them all, they were united in one for that amount; that in May, 1858, said Ellen was persuaded to give a new trust deed for $2,700 and the old indebtedness was taken up, the $700 being usurious in addi-

tion to what had already been included in the $2,000. But said Ellen denies that she had anything to do with the negotiations, and denies that she represented herself to be a widow, and says that although the acknowledgment to the deed does so describe her, yet it was never read to her, nor was she made acquainted with its contents or that of the deed. Denies that Brown purchased the note and deed upon representations as stated. Denies that complainant bought of Brown upon the representations that said Ellen was unmarried, and that complainant paid a good price therefor, but says that complainant purchased as a matter of speculation, and with full knowledge that said Ellen was said Andrew's wife ; that complainant resided within thirty yards of said Ellen, and had for years, and knew the fact, which was notorious, that said Ellen and Andrew were married. Admits that Andrew borrowed $100 of Magill, but denies that any representations were made ; but said Ellen declares that said Andrew informed her, said Ellen, that Magill required her to sign the note as security, by the name of Ellen Coughlin, because the real estate stood in that name, and accordingly a note was given for $116, sixteen dollars being interest. States that $16 was paid and a receipt taken, and $100 remained due. Judgment was afterwards rendered in Magill's favor, and against said Ellen and said Andrew, for $111.02, but denies that that sum was due, and says the judgment was void as to said Ellen.

Andrew denies any fraudulent intention, and declares that he paid the amount of the execution, which was indorsed, satisfied; but afterwards returned satisfied only in part. Says they had no personal knowledge of the *alias* or the sale thereon until after the sheriff's deed was given.

Has no knowledge that complainant bought of Clarkson & Tree ; but says that complainant knew at the alleged time of purchase, that said Andrew and said Ellen were married, and claimed that the judgment and proceedings thereon were fraudulent and void as to said Ellen.

Charges that complainant made the purchase on speculation, and with the intention, by threats of a criminal prosecution, to force these defendants to give up this real estate, worth

six or seven thousand dollars, for the small sum which said speculation cost said complainant; and said Ellen states that said complainant and his solicitors made various threats against her and caused her arrest on a charge of conspiracy. Answer of Ellen details threats made against said Ellen, and to her face while alone with her little children.

Denies knowledge of the sale on execution until after it took place, but said Ellen says that said Andrew stated that said sale was fraudulent; that he paid the judgment; that the sale would be set aside, and afterwards that it had been arranged; and she being ignorant of the forms of law, relying upon said Andrew's statements, allowed the time for redemption to expire, which otherwise she would not have done.

Denies that complainant was ignorant of the relationship of the defendant, and says that he was well aware thereof; and states that no concealment was practiced. Defendants deny knowledge of sale on trust deed, but say if any such took place it was invalid and void. That the deed was void as not being properly acknowledged, and likewise all proceedings thereunder.

Deny the fraudulent scheme charged, and any want of knowledge on the part of parties dealing with defendants. Further answering, say that said premises was the only real estate owned by said Ellen, and that the same was put in the maiden name of said Ellen to preserve it as a homestead for herself and children, and with no fraudulent intent, and that there could have been no such intent, as said Andrew was at the time entirely out of debt; that all of the mortgages were subsequently given, and have been paid, except this trust deed, upon which the defendants intend to pay all the money advanced, and legal interest, and that the whole sum due is not equal to one-fourth value of the estate.

That the premises were, at the time of the levy of the execution and the giving of the trust deed, ever since have been, and still are, the *homestead* of the defendants, *and the actual home and residence* of the defendants and their children.

That there is a dwelling-house upon said real estate, which was there at the times aforesaid, and occupied as the family

residence. That the money advanced by Magill, and for which this judgment was recovered, and the money named in the trust deed, was not, nor was any part thereof, bestowed upon or incurred for the purchase and improvement of said premises, and that said defendants have never, nor has either of them, released their right to said homestead as exempted from forced sale on execution, and as required by the acts of Assembly, approved February 11, 1851, and the defendants ask the protection of said statutes, etc.

Said Ellen answers and says, that the trust deed was given not of her own free will and accord, but upon compulsion of her husband, said Andrew. That she intended, however, to pay said indebtedness, and supposed and believed that the deed was nothing more than a mere receipt for the payment of the note by way of mortgage; that she executed the same in the name of Ellen Coughlin in good faith, believing it to be necessary, as the property stood in that name.

That said Ellen filed the bill in the Circuit Court as Ellen Coughlin, for the same reason that she made the deed, because the property stood in her maiden name, and that if said Andrew testified therein as alleged in this cause, he did it without her knowledge, connivance or consent, and that she never had reason for or practiced any concealment.

A replication was filed.

The case was heard on bill, answer and proofs, and the following decree was rendered:

That on the defendants paying the complainant the sum of $3,000 and costs before the 1st day of November next, then that the complainant do execute and deliver a proper instrument of conveyance and release of said premises to the defendants. But in default of payment, that the defendants do then stand absolutely debarred and foreclosed of, and from all equity of redemption in and to the premises in question; and that they surrender the possession of said premises to complainant, and in default thereof, that complainant have a writ of possession.

Errors assigned:

The bill should have been dismissed.

3

The decree should have been for the defendants.

The defendant, Ellen Young, was entitled to twelve months within which to redeem.

The amount of redemption money is too large.

The property in question is the homestead of the defendants, and as such, is exempted from sale.

The court erred in the admission and exclusion of evidence.

The complainant is entitled to no writ of possession in this cause.

FULLER & HAM, for Plaintiffs in Error.

I. The trust deed in question was a nullity, and the complainant (defendant in error) is not entitled to the relief prayed, because—

The alleged fraud, if committed by Mrs. Young, would not avail the complainant, for she could not, nor could she and her husband, be held responsible therefor. 2 Hilliard on Torts, p. 590, ch. 37, sec. 11; *Fairhurst and Wife* v. *Liverpool A. L. Assoc.*, 26 Eng. Law & Eq. R. 393, and cases cited.

And equity follows the law. 1 Story's Eq. Jur., p. 265, ch. vi, sec. 243.

But the fraud, if any, was committed by Andrew H. Young only. The wife made no representations; or if she did, they were invariably in the presence and under the direction of the husband, and he alone is liable. 2 Kent's Com. (5th ed.) 149 ; *Commonwealth* v. *Neal et ux.*, 10 Mass. 152; *Same* v. *Zimmer*, 1 Ind. 475 ; *Hasbrouck* v. *Weaver*, 10 John. 269.

The wife is not bound by the representations of the husband in a negotiation for the exchange of her land afterward consummated, even though she reap the fruits thereof. *Birdseye* v. *Flint*, 3 Barb. 500.

And though liable for the fraud, it would not render the deed valid. And the deed is made the foundation of this cause, and not any asserted intention on the wife's part to charge her own estate with the debt. Nor is any allegation made in the bill to put the relief sought, upon that ground. And the complainant must recover according to his bill, or not

at all. *McKee* v. *Bissett,* 5 Gilm. 505; *Rowan* v. *Bowles et ux.,* 21 Ill. 17; *Morgan* v. *Smith,* 11 Ill. 200.

The judgment note, judgment and proceedings thereon, were void.

II. The plaintiffs in error are entitled to the benefit of the homestead exemption. This was never waived nor released by Mrs. Young, nor was she guilty of any misrepresentation in regard thereto. The trust deed was executed after the act of 1857, and subject to its provisions.

If it be said that the exemption does not obtain as to sales upon conveyances providing therefor, then it is replied, that the complainant to recover at all is obliged to abandon the trust deed, and rely upon making this debt a charge upon Mrs. Young's estate. Now the bill is not framed for, nor does the proof support, a strict foreclosure, and hence, if a decree must pass against the defendants below, it must be for a sale which would be subject to the exemption.

E. AND A. VAN BUREN, for Defendant in Error.

Cited 2 Story's Eq. Jur. 1397 and note 3; 1 Paige, 544; 3 Paige, 533; 12 Ill. 487.

BREESE, J. It is argued by the counsel for the plaintiff in error, that the question presented by the record, is, whether a *feme covert* can be charged with her own and her husband's fraud in making a contract for the loan of money, they acting in concert.

We do not think this is the main or material question in the case. It may be that a *feme covert* cannot, by her fraudulent representations, subject herself to an action at law upon a contract, or be proceeded against personally, on account thereof, by bill in equity. We are not disposed to discuss that question, about which so much learning has been expended on both sides of it, as this is not a case wherein it is attempted to subject her personally.

The case, it seems to us, stands on other grounds.

The property conveyed by the deed of trust is admitted by the plaintiffs in error, to have been the separate property of

the wife, Ellen, who received a deed of it in 1855, in the name of Ellen Coughlin, and in that name conveyed it in 1858, by this deed of trust. The note given for the money which this deed was to secure, was executed by her husband, Andrew Young. Now the question arises, this being the separate property of the wife, had she power to charge it with her husband's debts, and can a court of equity, by a proceeding against the property, subject it to the payment of such charge.

The rule is stated by Justice Story on this point, as follows: "The separate estate of the wife will, in equity, be held liable for all the debts, charges, incumbrances, and other engagements which she does expressly or by implication charge thereon." 2 Story's Eq. Jur., § 1399. It may be said, this has exclusive reference to property which has been settled on a married woman through the intervention of trustees. It is difficult to perceive why there should be a difference between that kind of property and this which she purchased with her own money taking the deed in her own name. If a court of equity can, in the one case, by a proceeding *in rem*, subject the one kind of property to the payment of the charge upon it, no reason is perceived why it cannot subject the other kind.

Leaving the question of fraud entirely out of view, here is a case where a *feme covert* owning real estate in her own right, voluntarily mortgages it, to secure a debt due by her husband. Is it contrary to equity and good conscience that the debt should be paid out of this fund so set apart for that purpose? We can see great justice in it.

But it is objected by the plaintiffs in error, that the bill is not framed for such purpose.

The scope of the bill is known by its allegations and prayer. The allegations are full, and the prayer is, that the defendants may be absolutely barred and foreclosed of and from all right and title in and to the said premises, and may be decreed to join in a conveyance of the same to your orator, and may deliver up to your orator all and every the deeds, etc., and that in default of said Young and wife executing such conveyance, that the master in chancery execute the same, conveying

all their interest, etc., and that said Young and wife, and all parties holding said premises through and under them, be decreed to surrender up the possession of said premises to your orator, and for such other and further relief in the premises as the nature of his case may require, etc.

The defendants, in their answer, deny all the fraud with which they are charged, and give a history of the manner in which Mrs. Young acquired the property; that they intend to pay all the money advanced and legal interest, alleging that the whole loan due complainant is not equal to one-fourth the value of the estate mortgaged. They then set up a claim, that the premises were, at the time of giving the trust deed, ever since have been, and still are, the homestead of the defendants and their children, there being a dwelling-house upon it, and occupied as the family residence.

The bill, it would seem, is framed so as to subject this property to the payment of this indebtedness as a charge thereon, in one of the specific modes asked for, or in some other mode which the court might adopt under the general prayer, provided it be not inconsistent with the object and scope of the bill. The plaintiffs in error, in the argument of their counsel, allude to the abandonment of the trust deed by the defendant, and his endeavor to subject the property to this debt as a charge thereon. We think this is the strongest view for him to present, but we are constrained to say that it cannot avail him much, as there being no pretense for a strict foreclosure, the property being worth vastly more than the debt, all the court could do would be to order a sale of the premises with redemption. Then comes in the homestead exemption, which Ellen Young has never released or waived, and which, consequently, would prevent a delivery of possession, if a sale was made, whilst she lives, should she become a widow, or until her youngest child shall become of age.

The decree of strict foreclosure is reversed, and a decree here that the premises be sold by the master in chancery of Cook county, on the usual terms, after the usual notice, to pay such sum as he may find, from the testimony and exhibits in the cause, to be due the complainant from Andrew Young,

defendant. Sale to be subject to the claim of a homestead exemption, for the benefit of the defendants, the plaintiffs in error herein.

*Decree reversed.*