JOHN MCDONALD

*v.*

JOHN R. CRANDALL.

1. DEED — *homestead — release of — its effect.* Where the owner of land, residing upon it, since the passage of the amendatory homestead law of 1857, with his wife, executes a deed of conveyance therefor, but they fail to relinquish the homestead exemption; *held*, that such a conveyance operated to

| 43 | 231 |
| 123 | 461 |
| 43 | 231 |
| 130 | 423 |
| 43 | 231 |
| 134 | 651 |
| 43 | 231 |
| 58a | 106 |
| 43 | 231 |
| 67a | 565 |
| 43 | 231 |
| 107a | 419 |

pass the fee, but suspends its operation until the grantor abandons the premises, or surrenders the possession to the grantee.

2. Where a party conveys the homestead, and the exemption is not relinquished in the mode prescribed by the statute, the grantee does not acquire such a title as would authorize a recovery in ejectment, or to defend against his grantor still remaining in possession, in an action for trespass to the premises.

3. HOMESTEAD—*judgment lien.* It is the law of this court, that the homestead, when occupied by the debtor, as such, is not subject to the lien of a judgment, and its sale by the debtor and a surrender of the possession to the purchaser, who was a junior judgment creditor, is valid against a prior judgment.

4. SAME—*excess above the exemption.* Where the homestead exceeds $1,000 in value, a judgment, mortgage, or deed of trust becomes a lien and may be enforced against the overplus; and the same is true of the excess, where there is a conveyance without a release of the exemption, as the grantee may enforce his rights to the surplus.

5. SAME—*homestead exemption not an estate.* The homestead act has not created a new estate, but simply an exemption, and where the holder of the homestead conveys, without relinquishing the exemption, he transfers the fee, but the operation of the deed is suspended until the premises are abandoned or possession is surrendered. The act will not bear the construction, that an estate is created which may be transferred and held by others than those specified in the statute. Such was not the legislative intention.

6. SAME—*sale—possession.* Where a sale by a trustee, and the trust deed under which the sale is made, does not release the homestead exemption, and the grantee is let into possession, he will hold the premises against a subsequent purchaser under a sale on a deed of trust which does release the exemption.

APPEAL from the Circuit Court of Jersey county; the Hon. D. M. WOODSON, Judge, presiding.

This was an action of ejectment brought by John R. Crandall, in the Jersey Circuit Court, against John McDonald. The declaration contained two counts, for the recovery of lot ten, in block six, of Adams' addition to Jerseyville, Illinois. Plaintiff claimed to own the fee. Defendant filed the general issue. A trial was had by the court, a jury having been dispensed with, by agreement of the parties.

It was agreed by the parties, that Joshua Bartlett, on the 4th day of April, 1859, owned the lot in controversy, and on

that day conveyed it to Horatio C. Twombly. That afterward, on the 23d day of June, 1862, Twombly and wife conveyed the property to Julius G. Koster, in trust, to secure a debt due from Twombly to plaintiff, for the sum of $324.20, due in six months from that date. The deed contained a power of sale by the trustee in case default should be made in payment of the debt. In the body of this deed there was a clause releasing the homestead exemption, and the wife acknowledged that she released her right to the homestead exemption, which is duly certified by the officer taking the acknowledgment. This deed was recorded in the proper office on the day it was executed.

Plaintiff also introduced a deed of conveyance from Koster, the trustee, for the property in controversy, to himself, dated on the 28th of February, 1863. It was admitted on the trial, that the trustee had given the proper notice, and, that default had been made in the payment of the money, and that Twombly, at the time he executed the deed to Koster, occupied and lived upon the premises with his family, and that the property in controversy was not worth more than $1,000.

The defendant introduced a deed from Horatio C. Twombly and wife to Nathaniel Twombly, as a trustee for Joshua and Joseph W. Bartlett, to secure three notes from H. C. Twombly, with the two Bartletts' securities, for $100, each payable to the trustees of schools T. 7, N. R. 10 W. in Jersey county. This deed bears date on the 4th of April, 1859, and was recorded on the 25th day of the following August, in the proper office. Neither this deed nor acknowledgment releases the homestead exemption.

Also a deed from Nathaniel Twombly, as trustee, to Joshua Bartlett, which conveys, for the consideration of $325, the premises in controversy, dated the 17th of November, 1862. Likewise, a deed from the trustee to Joshua Bartlett, executed for the purpose of confirming the former sale and conveyance to Bartlett, and to cure defects in the previous deed. This last deed was executed on the 16th of October, 1866. Also, a deed from Joshua Bartlett and wife, to defendant, dated on the 20th of December, 1862.

It further appeared, from the testimony introduced on the trial, that H. S. Twombly, in 1857, went into possession of the property under a conveyance from N. L. Adams. That to pay Adams he had borrowed a part of the money from the trustees of schools T. 7, N. R. 10 W. That one John Hart became his security for its payment, and, to indemnify him, Twombly and wife conveyed to him the premises in controversy. That on the 3d of April, 1858, these notes to the trustees were taken up, and new ones given by Twombly, and Joshua and Joseph Bartlett, as sureties, and Hart and wife conveyed the premises to Joshua Bartlett, who, on the next day, conveyed the premises to H. C. Twombly, and he at the same time executed the deed of trust to Nathaniel Twombly to secure the Bartletts against loss on the notes. That Joshua Bartlett was compelled to pay the notes and then purchased the premises at the trustees' sale. And that defendant had been let into possession under the deed of conveyance from the trustee of whom he purchased, and that he so occupied the premises.

The court found the issue for the plaintiff, whereupon defendant entered a motion for a new trial, which was overruled, and judgment rendered for the recovery of the lot. To reverse that judgment the defendant brings the case to this court by appeal.

Messrs. WARREN & POGUE, for the appellant.

Messrs. A. L. & R. M. KNAPP, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In this controversy both parties derive title to the lot in dispute, from the same common source. One H. C. Twombly and wife, at different times, executed trust deeds to two different trustees, to secure debts owing by him to different parties. Default having been made in payment, each of the trustees at different times advertised and sold the property, which was

purchased by several persons. Appellant claims by purchase at the sale under the trust deed first executed, which was also first recorded, and under which he had entered into, and was holding, possession when this suit was brought to recover the premises. Appellee claims by a purchase under the trust deed last executed, and under which it was sold by the trustee in the mode required by the instrument. Twombly and wife did not, by the first trust deed, relinquish their right to claim the benefit of the homestead law, but did in the latter. It also appears, that he was within the provisions of the act, and the deeds having been made after the adoption of the amendatory act of 1857, these trust deeds were subject to its provisions.

This, then, presents the question whether a deed executed subsequently to the passage of the amendatory act of 1857, without relinquishing the homestead right, is void, or whether it takes effect, in case the property is surrendered, and the purchaser is put into possession by the grantor. Or may he, after a sale of the fee, without releasing the homestead, and letting the purchaser in, sue for, and recover the premises under the right to claim the homestead. Or can he afterward sell and convey the homestead right to another, so as to authorize the second purchaser, to recover and hold the property under the homestead right, as against the owner of the fee.

In the case of *Patterson* v. *Kreigh*, 29 Ill. 514, it was held, that when the wife failed to join in the release of the homestead right, the grantee did not acquire a title such as would authorize him to eject the grantor still in possession of the homestead. In that case it appears, that the grantor was within the provisions of the homestead act. And it was held that the grantee, not being in possession, could not assert it against his grantor, as he had never released it in the mode prescribed by the statute, and had not surrendered the possession. Again, in the case of *Best* v. *Allen*, 30 Ill. 30, it was held, that a purchaser at a trustee's sale under a trust deed, in which the wife had not released the homestead right, could not defend an action brought by the person who executed the deed of trust, and who had not abandoned or surrendered the possession, for a

trespass to the premises.  Other cases decided by this court announced the same rule.

It has also been repeatedly held, that the homestead right was not subject to a judgment lien.  That the right could be transferred with the fee, and the grantee would take it notwithstanding a judgment was in existence against the grantor when the conveyance was made.  And that the sale of the homestead, and its surrender to the purchaser, who was a junior judgment creditor, would be sustained as against a title derived from a sale under the prior judgment.

It has, however been held, that where the homestead property exceeds $1,000 in value, a judgment, a mortgage, or deed of trust becomes a lien, that may be enforced against the overplus.  So of a conveyance, without a release of the homestead exemption, where the value exceeds the exemption, the grantee can enforce his rights against the surplus, by partition or otherwise.  It is only the right to claim the homestead, and to continue to use and enjoy it, that is protected.  The ultimate fee is, no doubt, conveyed by a regular deed, properly acknowledged, although it fails to release the homestead right.  But in such case the fee is subject to the right of the grantor to hold it as a homestead, in the manner and for the period prescribed by the statute.  *Young* v. *Graff,* 28 Ill. 20.  In this case, it was held, that the premises upon which a debtor held a homestead, might be sold under a decree in chancery, subject to the exemption.  The cases which hold that conveyances of the property without releasing the homestead, do not affect or transfer the homestead, must be understood as relating to, and distinguishing between, the fee, the ultimate right of property, and the exemption created by the statute.  That such a conveyance passes the title to the premises, but not the right of possession as against the homestead exemption conferred by the statute.  The grantee may acquire the fee or other estate of the grantor in the property, but he will retain the right to hold and enjoy it, unless he abandons or releases it in the mode prescribed in the statute.  And in such a case the law will protect the right until it is released, or abandoned.

The question then arises, whether a grantee, by a deed which fails to release the homestead exemption, becomes invested with the right to hold the premises, when the vendor has abandoned the possession, ceased to occupy them as a homestead, and placed his purchaser in possession. As between these parties there can be no question but that he may. *Brown* v. *Coon*, 36 Ill. 243. But it is contended that the homestead right is a species of estate, that can only be released by a deed of conveyance. In the various cases which have heretofore come before the court, where the right has been protected as against grantees and judgment creditors, the vendor or the debtor has been in possession of the homestead, never having abandoned it, or placed the purchaser in possession. The question has not previously arisen between two voluntary grantees, in the conveyance to one of whom the exemption was released, and not to the other. In the case of *Green* v. *Marks*, 25 Ill. 221, it was held, that the debtor being entitled to the benefit of the act, could sell the premises, and transfer the possession free from a judgment lien, as none attached. And in the case of *Bliss* v. *Clark*, 39 Ill. 590, it was held, that the grant of the homestead to a junior judgment creditor, with a surrender of the possession, would hold against a sheriff's deed, on a sale made under a prior judgment, whilst the premises were occupied as a homestead by the debtor.

When the grantor conveys the premises and places the grantee in possession of the homestead, we must hold that he thereby abandons it and the right to insist upon the exemption. The abandonment of the homestead is one of the means provided in the statute by which the right may be lost, and when he surrenders possession to his grantee he unmistakably abandons the homestead, although the deed does not contain a release of the right.

It is, however insisted, that the homestead act has created a new estate previously unknown to the law, which is claimed to be separate and distinct from the fee or other estate. That the homestead right, as distinguished from the homestead itself, may be sold and conveyed separately from the fee, and the

grantee succeed to the right of possession during the life of the head of the family, or those entitled to claim its benefit, had the sale never been made. We have seen, that the right to claim the benefits of the act may be lost by abandoning the homestead. When the holder conveys the premises without releasing the benefit of the act, it may be claimed by him or those specified in the act, until he abandons the homestead or surrenders its possession to the grantee. When he has done either, then the right ceases, and the conveyance before made, and which conveyed the fee, but the operation of which was suspended to acquire possession, becomes operative for the purpose for which it was executed, unless otherwise defective.

If a construction should be given to this act, that it created an estate, which could be conveyed to, and enjoyed by, others after the owner has conveyed the fee, abandoned the premises, and they had ceased to be his home, then the provision of the statute which declares that the right shall cease when the homestead is abandoned would be virtually abrogated; such could not have been the design of the law makers. It is manifest, that they intended only to protect the debtor or the vendor so long as he or his family remained in the possession, and not his grantees of the right, after selling the fee and abandoning the property as his home.

In this case, the grantor let the purchaser under the first deed of trust into possession, and although he and his wife had not relinquished the homestead exemption by that deed, still the conveyance to the purchaser at the trustee's sale, when he was let into possession, became operative to hold the premises against the grantor or his subsequent grantees, either with or without a release of the homestead exemption. The operation of the first deed was to pass the fee when it was executed, but only suspended the power to acquire possession until the homestead was abandoned or possession delivered under the deed. Possession was delivered in this case to the purchaser under the first deed of trust, and the purchaser under the second deed, failing to acquire the fee, obtained no right to hold the premises as against the first grantee, by procuring

a release of the homestead exemption in the junior deed of trust. That conveyed no seperate estate, but simply estopped the grantors from claiming the benefit of the act as against the purchasers from the trustee, under the junior deed of trust. When the second deed of trust was cut off by a sale under the first, the fee and the release of the homestead by that deed both failed together. When the first purchaser was let in, he thereby united his fee to the right of possession, and could assert them against his grantor, and all of his subsequent grantees. The judgment of the court below is therefore reversed and the cause remanded.

*Judgment reversed.*