WILLIAM J. WATSON

*v.*

MICHAEL DOYLE.

*Filed at Springfield November 1, 1889.*

1. CONTRACT—*of sale—inadequacy of consideration.* The mere fact that the amount agreed to be paid is not the full value of property sold, will not invalidate the contract of sale.

2. SAME—*intoxication—in avoidance of contract.* The fact that a person may have been in the habit of drinking, will not relieve him from a contract entered into when not intoxicated. In order to defeat a contract on the ground of intoxication, it must appear that the party was in such a condition that he was incapable of understanding the nature of the transaction in which he was engaged.

3. SPECIFIC PERFORMANCE—*inadequacy of price.* Unless the inadequacy of the price agreed upon for property sold is such as to shock the conscience, and amounts in itself to conclusive and decisive evidence of fraud in the transaction, it is not, of itself, a sufficient ground for refusing a specific performance. But if the inadequacy is so gross and palpable as to afford evidence of fraud, a court of equity will refuse its aid to enforce the specific performance of the contract.

4. HOMESTEAD—*excess above $1000 in value—subject to alienation—judgment liens, etc.* Where the property in which the homestead estate exists exceeds in value $1000, the excess is unaffected by the estate, and is liable to the same lien of judgments, attachment, etc., and may be aliened in the same manner, as other property of the householder.

5. SAME— *and herein, of an adjustment between the holder of the homestead and the purchaser.* A contract for the sale of land occupied by the vendor as a homestead, of the value of $50,000, is not void, and incapable of enforcement. The deed, when made without the wife joining therein, will not pass the estate of homestead, but will be operative to pass the title to all of the property over the value of $1000. If the purchaser is willing to pay the contract price and accept a deed conveying the property subject to the homestead right of the vendor, a court of equity may enforce the making of such a conveyance, and the rights of the parties may be settled, as to the homestead, in the manner pointed out in *Hotchkiss* v. *Brooks,* 93 Ill. 387.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. DEXTER, HERRICK & ALLEN, for the appellant:

Inadequacy of price, in order to constitute a defense to a bill for specific performance, must be so gross and palpable as to amount to fraud. *Coles* v. *Trecothick,* 9 Ves. 246; *Borell* v. *Damen,* 2 Hare, 450; *Lee* v. *Kirby,* 104 Mass. 428; *Burtch* v. *Hogge,* Harr. Ch. 46; *Conrad* v. *Schaub,* 53 Wis. 374.

Mere drunkenness will not release a party from his contracts. To have that effect the party must be so drunk as to have drowned reason, memory and judgment, and impaired his mental faculties to an extent that would render him *non compos mentis* for the time being. *Schramm* v. *O'Connor,* 98 Ill. 543; *Lightfoot* v. *Heron,* 3 Y. & C. 586; Pomeroy on Specific Perf. sec. 184.

The homestead estate, like the exemption under former statutes, is limited to $1000, and all of the property above that value is subject to levy and sale, and alienation by the owner, the same as his other real estate. *Eldridge* v. *Pierce,* 90 Ill. 480; *Hotchkiss* v. *Brooks,* 93 id. 386; *Moriarty* v. *Galt,* 112 id. 378; *Browning* v. *Harris,* 99 id. 462; *Wallace* v. *Harris,* 32 Mich. 400; *Jenkins* v. *Harrison,* 66 Ala. 345.

The decree is erroneous in finding that the contract was incapable of being specifically performed. *McClure* v. *Otrich,* 118 Ill. 320; *Harding* v. *Parshall,* 56 id. 219; *Humphrey* v.

*Clement,* 44 id. 299; *Mathison* v. *Wilson,* 87 id. 51; *Hotchkiss* v. *Brooks,* 93 id. 386.

In the following additional cases of specific performance it was held, that on the refusal of the wife to join in the deed, the vendee could elect to take a deed without her signature, and could compel the execution of such a ·deed by bill for specific performance: *Jefferson* v. *Jefferson,* 96 Ill. 551; *Litsey* v. *Whittemore,* 111 id. 267; *Hall* v. *Hall,* 125 id. 95.

In the following cases, in other States, it was held, that where the wife refused to join in the deed, the vendee might elect to accept a conveyance without the wife joining, some of the cases holding that in such case there may be an abatement of the purchase money, and others, that on account of the contingent nature of the inchoate dower interest, and the inability to value it, there can be no such abatement. *Wright* v. *Young,* 6 Wis. 127; *Richmond* v. *Robinson,* 12 Mich. 193; *Young* v. *Paul,* 10 N. J. Eq. 401; *Martin* v. *Merritt,* 55 Ind. 35; *Davis* v. *Parker,* 14 Allen, 94; *Park* v. *Johnson,* 4 id. 259.

When a deed is made of the homestead without its release, and the property is worth more than $1000, the court may order its sale or enter a decree giving possession on the payment of that sum. *Hotchkiss* v. *Brooks,* 93 Ill. 386; *Mix* v. *King,* 55 id. 434; 66 id. 145; *Bank of Louisiana* v. *Lyons,* 52 Miss. 181; *Richards* v. *Greene,* 73 Ill. 54; *Loomis* v. *Gerson,* 62 id. 11; *Stevens* v. *Hollingsworth,* 74 id. 212.

Messrs. HOLDEN & FARSON, also for the appellant.

Messrs. SMITH & PENCE, and Mr. ELI B. FELSENTHAL, for the appellee:

Specific performance will not be decreed unless the contract be fair and reasonable, and was made under such circumstances as to demand the exercise of an equitable discretionary power by the court. *Fish* v. *Leser,* 69 Ill. 394; *Railroad Co.* v. *Reno,* 113 id. 39; *Harrison* v. *Polar Star Lodge,* 116 id. 279.

If the whole agreement can not or should not be enforced, the court will not decree performance of part. Fry on Specific Perf. (3d ed.) secs. 802, 811; *Stocker* v. *Wetterburn,* 3 K. & J. 393; *Gervais* v. *Edwards,* 2 D. & W. 80.

The court will not decree a specific performance where the effect must be to seriously embarrass, if it will not absolutely imperil, the rights or interests of one who is neither a party to the contract nor to the suit. *Railroad Co.* v. *Schoenemann,* 90 Ill. 258.

Performance will not be decreed of a contract resting partly in writing and partly in parol; nor will a contract be reformed or enforced when the circumstances do not appeal to the conscience of the court. Fry on Specific Perf. (3d ed.) secs. 754, 776, 797.

This contract concerned the homestead. It provided that the premises should be vacated,—that is, that all the improvements, which included the dwelling, should be removed. The homestead was an estate for the joint lives of Michael Doyle and his wife, Mary, and for the life of the survivor. *Estes* v. *Furlong,* 59 Ill. 298; *Baxter* v. *Lamont,* 60 id. 237; *Weaver* v. *Weaver,* 109 id. 225.

The following are decisions under the present and former homestead acts: *Patterson* v. *King,* 29 Ill. 514; *Smith* v. *Miller,* 31 id. 158; *Pardee* v. *Lindley,* id. 174; *Thornton* v. *Boyden,* id. 211; *Marshall* v. *Barr,* 35 id. 106; *Brown* v. *Cook,* 36 id. 243; *Redfern* v. *Redfern,* 38 id. 509; *McDonald* v. *Crandall,* 43 id. 231; *Vasey* v. *Board of Trustees,* 59 id. 188; *Barson* v. *Dow,* 65 id. 146; *Stevens* v. *Hollingsworth,* 74 id. 202; *Hartwell* v. *McDonald,* 69 id. 293; *Cobb* v. *Smith,* 88 id. 199; *Hotchkiss* v. *Brooks,* 93 id. 386; *White* v. *Plummer,* 96 id. 394; *Browning* v. *Harris,* 99 id. 462; *Kingman* v. *Hollins,* 100 id. 319; *Winslow* v. *Noble,* 101 id. 194; *McMahill* v. *McMahill,* 113 id. 461.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Michael Doyle, in the circuit court of Cook county, against William J. Watson, to set aside and declare void, as a cloud upon his title, a certain written contract, under which Doyle agreed, upon the payment of a certain sum of money by Watson, to convey certain premises in Chicago to him. It is, in substance, alleged in the bill, that the contract was obtained by fraudulent representations; that at the time the contract was executed, complainant was under the influence of liquor, and incapable of understanding its meaning; that the price agreed to be paid was inadequate. It is also alleged that the property agreed to be conveyed was the homestead of complainant; that the wife did not join in the execution of the contract, and upon this ground the contract was void. The defendant put in an answer to the bill, in which he denied all fraudulent representations; denied that complainant was under the influence of liquor and incapacitated from understanding the contract; denied that the price agreed to be paid was inadequate, and denied that the contract was void. The defendant also filed a cross-bill, in which he prayed for a specific performance of the contract. The complainant answered the cross-bill, and the cause proceeded to a hearing on the pleadings and evidence.

The court, in its decree, found, among other facts, the following: "And the court further finds that the allegations in said original bill, and amendments thereto, contained, that the contract mentioned in the pleadings herein was obtained by fraud, are not sustained by the proofs. And further finds that the allegations contained in said bill, and the amendments thereto, that complainant was not of sufficient mental capacity to make said contract, are not sustained by the proofs. And further finds that the allegations contained in said bill, that the contract was for an inadequate price, are not sustained by the proofs. And the court further finds that the premises mentioned in

said contract were the homestead premises of the complainant, Michael Doyle; that said complainant was a married man, residing with his wife, Mary Doyle, and with certain of his children, upon said premises, and that the allegations contained in said bill, that said premises were the homestead premises, are fully sustained by the proofs. The court also finds that said Mary Doyle, wife of said complainant, did not sign or consent to the making of said contract. The court further finds that the original contract made by said parties is incapable of being specifically performed, and that it is not in the power of this court to decree a specific performance of the same; that the said contract is null and void and a cloud upon the title of complainant, and that the defendant should deliver it up to be cancelled." A decree was thereupon entered by the court in favor of the complainant, according to the findings.

We find no evidence in the record to sustain the allegation of fraud. Indeed, so far as appears, the contract was fairly made, with a full understanding of all its terms and conditions.

In regard to the claim that the amount agreed to be paid for the property was inadequate, we do not think the evidence sustains the charge. It may be that the amount agreed to be paid was not the full value of the property; but that fact does not invalidate the contract. In *Coles* v. *Trecothick*, 9 Ves. 246, Lord ELDON, in considering the question of inadequacy of price, said: "Unless the inadequacy of price is such as shocks the conscience, and amounts, in itself, to conclusive and decisive evidence of fraud in the transaction, it is not itself a sufficient ground for refusing a specific performance." In *Lee* v. *Kirby*, 104 Mass. 428, which was a bill for a specific performance, it is said: "The general rule is, that inadequacy of consideration, exorbitance of price, or improvidence, in the contract, in the absence of fraud, will not constitute a defense." If the inadequacy of price was so gross and palpable as to afford evidence of fraud, a court of equity would not lend its aid to enforce a specific performance of the contract. But such is

not this case. We think it may be inferred from the evidence that the property was worth something more than appellant agreed to pay for it; but that does not invalidate the contract. If it did, but few sales would stand, as it is no uncommon thing for property to sell for less than it is really worth.

The charge that Doyle was intoxicated when the contract was made is not sustained by the evidence. Heck and his wife testify that Doyle came home drunk on the evening of the day the contract was executed; but this was at nine o'clock in the evening, when the contract was executed at eleven o'clock in the forenoon, and Watkins and Watson both testify that Doyle was not intoxicated, and in this they are contradicted by no one. The fact that Doyle may have been in the habit of drinking, will not relieve him from a contract entered into when not intoxicated. In order to defeat a contract on the ground of intoxication, it must appear that the party was in such a condition that he was incapable of understanding the nature of the transaction in which he was engaged. Pomeroy on Specific Performance, (sec. 184,) states the rule as follows: "The intoxication must be so complete as to suspend the operation of the party's mental faculties, and render him incapable of understanding the nature of the transaction. A condition of mere exhilaration or excitement produced by drink is not sufficient, if the party still comprehends what he is doing."

The main question presented by the record, however, is, whether the contract set out in the bill and cross-bill is void, the premises, at the date of the execution of the contract, being occupied as a homestead by Doyle and his family. The contract was as follows:

"CHICAGO, *March 6, 1886.*

"Agreed by and between Michael Doyle and William J. Watson, both of Chicago, that Michael Doyle shall sell to William J. Watson fifty feet on Franklin street, north of Van Buren street, east front, known as lot 13 of lots 2, 3 and 4, block 84, school section addition, for $50,000 net, to be paid said

Michael Doyle. Watson agrees that all the improvements and movable property shall be moved off by said Doyle, and he shall give said Doyle at least thirty days' notice of his desire to have said movable property taken away, when said Doyle shall clear the land of all that may at present be upon said property. Said Doyle agrees to pay the taxes accrued upon the property to date, and to furnish a good and sufficient abstract, showing a good title in said Doyle, as soon as the record can be provided. And said Watson agrees that he shall pay $50,000 cash, less any incumbrance that may be on the property, on the delivery of such abstract showing a good title, and the further delivery of a warranty deed to said Watson.

(Signed.)        MICHAEL DOYLE,

(Signed.)        WILLIAM J. WATSON.

Witnessed by M. WATKINS."

The court found that the premises described in the contract were homestead premises, and that Mary Doyle, wife of complainant, did not sign or consent to the making of the contract. A decree was then entered declaring the contract null and void as against the complainant, his heirs and assigns, and a cloud upon his title, and that defendant deliver up the contract to be cancelled.

The argument to sustain the decree is predicated upon the construction counsel for appellee place upon sections 1 and 4 of the Homestead Exemption act of 1873. Those sections are as follows:

"Sec. 1. That every householder having a family shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land and buildings thereon owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment," etc., and "from the laws of conveyance, descent and devise, except as hereinafter provided."

"Sec. 4. That no release, waiver or conveyance of the estate so exempted shall be valid unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged."

The act of 1873 differs somewhat from the Homestead act of 1851, as amended in 1857. The last named act provided that "there shall be exempt from levy and forced sale under any process or order from any court of law or equity, the lot of ground and the buildings thereon occupied as a residence, and owned by the debtor, being a householder and having a family, to the value of $1000; * * * and no release or waiver of such exemption shall be valid unless the same shall be in writing, subscribed by such householder and his wife, and acknowledged in the same manner as conveyances of real estate are, by law, required to be acknowledged, it being the object of this act to require, in all cases, the signature and acknowledgment of the wife as conditions to the alienation of the homestead." Under this act it was held in a number of cases, that where the property occupied as a homestead was worth more than $1000, a judgment, mortgage or deed of trust would become a lien, and might be enforced against the overplus; and the same is true as to the excess where there has been a conveyance without a release of the exemption, and the grantee may enforce his rights to the surplus. (*McDonald* v. *Crandall*, 43 Ill. 231; *Haworth* v. *Travis*, 67 id. 302.) In the last case cited it is said: "It will be observed that the law only exempts the lot of ground and the buildings thereon, to the value of $1000. The language employed can not be extended to the whole tract, where it exceeds that value. It is only so much of the lot as is worth the sum that is exempted, and not the entire lot upon which the debtor resides. * * * We can give the statute no other construction than it was intended to exempt the lot to the value of $1000, and leave the remainder subject to lien and sale as any other real estate."

There are a number of other decisions where the same doctrine was declared, where a construction of the act of 1851, as amended in 1857, was involved. The *gist* of the decisions under the old Exemption act was, that the exemption extended only to homestead property of the value of $1000,—that all in value exceeding that sum did not fall within the protection conferred by the statute. Now, while, under the act of 1873, an estate of homestead has been created in the place of a homestead exemption, so far as the question under consideration is concerned the same construction must be placed on the act of 1873 that was placed on the act of 1851. There is much similarity in the language employed in the two acts. In the old one, there shall be exempt the lot of ground and the buildings thereon occupied as a residence, to the value of $1000, while the later act declares, that a householder with a family shall be entitled to an estate of homestead to the extent in value of $1000, etc. Indeed, the construction placed by this court on the act of 1873, as to the excess of homestead property over the sum of $1000, has been the same as was placed upon the act of 1851. In *Eldridge* v. *Pierce*, 90 Ill. 478, a case arose under the act of 1873, and it was said: "Where the property in which this estate exists exceeds in value $1000, the excess is plainly unaffected by the estate,— that is to say, the excess is liable to the same lien of judgment, attachment, etc., and to be aliened in the same manner that other real property of the householder is." In *Moriarty* v. *Galt*, 112 Ill. 377, this court again said: "If the property in which this estate or exemption exists exceeds in value $1000, the excess is not exempt from lien, levy and sale, and it is liable to the same lien of judgments, etc., and to be aliened in the same manner as other property of the debtor."

From these decisions it is apparent, that where property occupied as a homestead exceeds in value $1000, the estate exempted or controlled by the statute is measured by $1000 in value, and the excess over and above the $1000 in value

may be sold by the owner, or may be taken on attachment or sold on execution like any other property. Here, Doyle occupied property as a residence, of the value of $50,000. He had an estate of homestead in that property of the value of $1000. That estate could only be sold or conveyed in the mode pointed out by the statute; but as to the excess, he had a right to sell, by contract or by deed, in the same manner and with like effect as he could sell any other property which he might own, and which was unaffected by homestead exemption. Suppose the property was worth $100,000, and Doyle desired to sell, but his wife refused to join with him in a deed relinquishing the homestead, would it be a reasonable construction of the statute to hold that the owner was powerless to dispose of his property? Such would be the case if the construction was adopted which has been relied upon by counsel for appellee.

The fallacy of appellee's position arises from the assumption that property occupied as a homestead, regardless of value, can not be sold by the owner except in the mode pointed out by the statute, whereas the homestead exempt from attachment and from the laws of conveyance is one to the extent in value of $1000, and that alone. The contract involved in this case required Doyle to convey the premises. Of course, the deed would not pass the estate of homestead; but the appellant offered, as we understand the record, to pay the contract price agreed to be paid, and to accept a deed conveying the property subject to the homestead rights of Doyle. Upon this offer we think appellant was entitled to a deed, and the court erred in denying relief on the cross-bill. The rights of the parties may be settled, as to the homestead, in the manner pointed out in *Hotchkiss* v. *Brooks*, 93 Ill. 387.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings in conformity to the views here expressed.

*Decree reversed.*