ALBERT KITTERLIN, for use of Swan Swanson,

*v.*

THE MILWAUKEE MECHANIC'S MUTUAL INSURANCE COMPANY.

*Filed at Mt. Vernon November 5, 1890.*

1. HOMESTEAD—*prior to the act of 1873—nature of the right.* Prior to the going into effect of the act of 1873, the right of homestead was a mere exemption, and when the householder, in whom the exemption existed, conveyed without the formal waiver of the homestead, the effect was to transfer his title to the land, but so far as it affected the homestead right, the operation of the deed was suspended until the exemption was extinguished.

2. SAME—*since the act of 1873—character of the interest in the householder.* But by the act of 1873 the householder became invested with an estate in the land, measured and defined by the value, and not by the extent or quantity, of his interest in the land or lot. And when the interest of the householder in the premises, whether in fee, for life or for years, does not exceed $1000 in value, the homestead estate comprises and embraces his entire title and interest, leaving no separate interest in him to which liens can attach or which he can alien, distinct from the estate of homestead.

3. The estate of homestead thus created is based upon the title of the householder, and can have no separate existence independently from the title, which constitutes one of its essential elements and from which it is inseparable.

4. SAME—*upon the death of a householder—upon whom the estate devolves.* Upon the death of the householder in whom the estate of homestead is primarily vested, the estate, by operation of law, devolves upon the surviving husband or wife, for his or her life, and upon the children of the householder during the minority of the youngest; and the heir-at-law takes a reversionary interest, only, expectant upon the termination of the estate for life and for years created by the statute.

5. SAME—*limitation of value—as affecting the character of interest.* Where the value of the property to which the estate attaches is more than $1000, the excess is unaffected by the estate ; but when its value does not exceed that sum, the whole interest of the householder is comprised within the estate of homestead.

6. SAME—*release of homestead—what will so operate.* Where the homestead premises are of less value than $1000, a conveyance effectual to convey any interest in the land must of necessity be sufficient to operate as a relinquishment of the homestead.

| 134 | 647 |
| 138 | 656 |
| 134 | 647 |
| 145 | 158 |
| 134 | 647 |
| 149 | 659 |
| 134 | 647 |
| 159 | 96 |
| 134 | 647 |
| 163 | 601 |
| 134 | 647 |
| 170 | 125 |
| 134 | 647 |
| 175 | 40 |
| 134 | 647 |
| 177 | 356 |
| 177 | 556 |
| 134 | 647 |
| f189 | 7544 |
| 134 | 647 |
| 107a | 3420 |
| 134 | 647 |
| 209 | 7 41 |
| 134 | 647 |
| 213 | 7494 |

7. SAME—*conveyance of homestead—the wife must join—even if the conveyance is to her.* The statute which declares that no conveyance of the homestead shall be valid unless the same is in writing, subscribed by the householder and his wife, if he has one, applies to deeds made by householders to their wives. Therefore, a conveyance of the homestead, not exceeding $1000 in value, by a householder to his wife, she not joining therein and acknowledging the same, is void, and passes no title.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Effingham county; the Hon. WM. C. JONES, Judge, presiding.

Messrs. WOOD BROS., for the plaintiff in error:

The only question here is, whether a conveyance by a husband to his wife of a homestead of less value than $1000 will transfer the husband's title to the wife, and on this point see Thompson on Homesteads, 473; *Richl* v. *Bingenheimer*, 28 Wis. 84; *Hoyt* v. *Howe*, 3 id. 752; *Murphy* v. *Crouch*, 24 id. 365; Bigelow on Estoppel, 285, 283; *Irwin* v. *Mills*, 41 Texas, 310; *Gould* v. *West*, 32 id. 352; *Patterson* v. *Kreig*, 29 Ill. 519; *Conner* v. *McMurry*, 2 Allen, 202; *Richards* v. *Chase*, 2 Gray, 384; *Castle* v. *Palmer*, 6 Allen, 403; Martindale on Conveyancing, 157; *Silloway* v. *Brown*, 12 id. 32.

Mr. S. F. GILMORE, for the defendant in error:

The transfer of the title to the property avoided the policy. *Dix* v. *Insurance Co.* 22 Ill. 272; *Insurance Co.* v. *Hauslen*, 60 id. 522; *Hathaway* v. *Insurance Co.* 64 Iowa, 227; *Savage* v. *Insurance Co.* 52 N. Y. 502; *Oakes* v. *Insurance Co.* 131 Mass. 164; *Longdon* v. *Farmers' Association*, 22 Minn. 193.

The deed of Kitterlin to his wife passed the title. *Eldridge* v. *Pierce*, 90 Ill. 481.

Per CURIAM: On November 12, 1883, the defendant in error issued its policy of insurance for $1200 upon the two-story frame building of the plaintiff, Kitterlin, situated upon lots 1 and 2, block 9, in the town of Deitrich, to continue for one

year.   At the time of the insurance the title was in Kitterlin,.
and while he used one room in carrying on a small mercan-
tile business, the house was occupied by him and his family
as a residence, and the lot on which it was built constituted
their homestead.   On the 27th of December, 1883, Kitterlin,.
joined by his wife, executed a mortgage on the insured prem-
ises, securing the payment of $950, to Swan Swanson, and
the insurance company, with notice thereof, stipulated that.
the insurance, if loss occurred, should be payable to Swanson,.
as his interest might appear.   This policy was renewed Novem-
ber 11, 1884, for another year, and on January 9, 1885, Kit-
terlin executed, acknowledged and delivered a deed of general
warranty to his wife, Amelia Kitterlin, purporting to convey
said homestead, without the consent of the insurance company
having been obtained.   It was agreed and stipulated in the
policy that the insurance thereby effected should cease, and
the policy be wholly void, if the property was sold or trans-
ferred, or if any change should take place in the title to or in
the use or occupation of the premises by the act of the assured,.
without the consent of the company endorsed on the policy.
The building was destroyed by fire June 2, 1885.   Suit was
brought on the policy, for the use of Swanson, the mortgagee,.
and a judgment rendered against the insurance company for·
$925.   On appeal to the Appellate Court for the Fourth Dis-
trict this judgment was reversed, without remanding the cause,.
and the case comes to this court on certificate of importance·
made by the Appellate Court, under the statute.

Three grounds of defense were insisted upon: First, that the·
fire was incendiary, by the act or procurement of the assured;
second, there was a change in the use and occupation of the
premises; and third, that there had been a change of title·
prior to the alleged loss, in violation of the express condition
of the policy, whereby it became void, etc.

In respect of the two defenses first mentioned it is manifest
the Appellate Court found as did the trial court.   As to the·

first no question of law was raised, and in respect to the second the Appellate Court found that there was no change of the use or occupation of the premises such as would avoid the policy, and in this we concur.

The Appellate Court certify to this court the question of importance involved, as being, "whether or not a conveyance of a homestead of less value than $1000, by a husband to his wife, is void, under the statute providing that no release or conveyance thereof shall be valid unless in writing, subscribed by the householder and his or her wife or husband, if he or she have one; and whether in this case there was such a transfer of title as rendered the policy sued on void, under its provisions." It is clear, from the record, that the trial and Appellate courts each found the value of the premises of which the homestead consisted, to be $1000 or less. Therefore, the the only question presented for our consideration is, whether a deed from the husband to the wife, purporting to convey a homestead of the value of $1000, only, would effect a change of title within the meaning of the conditions of this policy.

It will not be necessary to discuss or determine what change will operate as a forfeiture of the insurance, or whether, conceding the conveyance to be valid for any purpose, there did not devolve, by operation of law, upon the husband, an insurable interest in expectancy, (Wood on Insurance, 331,) which the policy would be operative to protect, but may at once proceed to the question whether any change was effected in the title by the deed from the husband to the wife.

The attempted conveyance of the homestead by the husband, since the passage of the Homestead act now in force, without the signature and acknowledgment of the wife, when the grant was to others than the wife, has been repeatedly held by this court to be invalid, and ineffectual to convey title. (*Eldridge* v. *Pierce et al.* 90 Ill. 474; *Browning* v. *Harris*, 99 id. 456; *Hartman et al.* v. *Schultz et al.* 101 id. 437; *McMahill et al.* v. *McMahill et al.* 105 id. 596.) But it is said

that the provision of the statute rendering invalid conveyances of the homestead without the wife joins in the execution and acknowledgment of the deed, is for the benefit of the wife, and the purpose of the statute is accomplished when the conveyance is made to her, and that therefore her signature and acknowledgment are not essential to the validity of this conveyance; and since husband and wife may contract by deed, the title to the homestead premises became vested in the wife, subject only to the husband's inchoate right of dower, and of homestead, as survivor. We are unable to concur in this view, although we are referred to the decisions of courts of great respectability, which, in construing the statutes of the States where rendered, seem to so hold.

Prior to the act of 1873 going into force, the right of homestead was a mere exemption, and when the householder, in whom such exemption existed, conveyed without the formal waiver of the homestead, the effect was to transfer his title to the land; but so far as it affected the right of homestead, the operation of the deed was suspended until the exemption was extinguished in some of the modes recognized by the statute. *McDonald* v. *Crandall,* 43 Ill. 231; *Coe et al.* v. *Smith,* 47 id. 225; *Hartwell* v. *McDonald,* 69 id. 293; *Eldridge* v. *Pierce et al. supra.*

The statute of Wisconsin, under which *Reihl* v. *Bingenheimer,* 28 Wis. 84, the principal case relied upon by appellee, was decided, had been similarly construed by the Supreme Court of that State. In *Hoyt* v. *Howe,* 3 Wis. 752, it was held a judgment became a lien upon the homestead premises, binding the property and securing priority over other creditors, but was postponed until the homestead was extinguished, when the property became liable to sale. There, as under prior statutes in this State, the fee or other title of the householder was severable from the homestead estate, and it might well be that an alienation by the fee owner would convey the title, even to a stranger, subject to the right of occupancy of

the premises under the statute.    The Michigan case referred
to, (*Stevens* v. *Castel*, 63 Mich. 111,) follows the Wisconsin
case, and presumably was based upon a similar statute.    We
do not regard *Irons* v. *Mills et al.* 41 Tex. 310, as in point.

The requirement of the statute that the wife should join in
the deed, related to the release and waiver of the homestead
exemption, and that would continue whether the fee was vested
in the husband or wife ; and it might well be held, that where
the object of the parties was to vest the fee in the wife, and
such would be the effect of the deed, her failure to waive or
release the mere exemption from levy and forced sale of the
homestead would not defeat her title.    But by the act of 1873
a radical change was wrought in the quality of the holding by
the householder.    By that act he became invested with an
estate in the land, measured and defined by the value, and
not by the extent or quantity, of his interest in the land or lot.
And when the interest of the householder in the premises,
whether it be in fee, for life or for years, does not exceed $1000
in value, the homestead estate comprises and embraces his
entire title and interest, "leaving no separate interest in him
to which liens can attach, or which he can alien, distinct from
the estate of homestead." (*Eldridge* v. *Pierce, Browning* v.
*Harris,* and *Hartman et al.* v. *Schultz, supra.*)    The estate of
homestead thus created is based upon the title of the house-
holder, and can have no separate existence independently of
the title, which constitutes one of its essential elements, and
from which it is inseparable.    Upon the death of the house-
holder, in whom the estate of homestead is primarily vested,
the estate, by operation of law, devolves upon the surviving
husband and wife for his or her life, and upon the children of
the householder during the minority of the youngest thereof,
and the heir-at-law takes a reversionary interest, only, expect-
ant upon the termination of the estate for life and for years
created by the statute.    When the value of the property to
which the estate attaches is more than $1000, the excess is

unaffected by the estate; but when its value is $1000 or less, the whole interest of the householder is comprised within the estate of homestead. This construction was given to the statute in *Eldridge* v. *Pierce et al. supra,* and has been repeatedly reaffirmed in subsequent cases. It follows, that when the premises are of less value than $1000, a conveyance effectual to convey any interest in the land in which the estate exists, must of necessity be sufficient to operate as a relinquishment of the homestead. Nothing passes by a deed thereof unless the homestead estate passes or is relinquished. Was the deed of Kitterlin a valid conveyance of his interest in the land in question, including the homestead estate?

The first section of the act, after creating the estate, provides: "And such homestead, and all right and title·therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided." We must then look further into the act to determine when conveyance of the estate may be made. The fourth section provides the mode of relinquishment of the estate, and the estate having been exempted from the laws of conveyance, except as provided in that act, we must look to that section for authority for its conveyance. It reads as follows: "No release, waiver or conveyance of the estate so exempted shall be valid unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, or possession is abandoned or given pursuant to the conveyance, or if the exemption is continued to a child or children, without the order of the court directing a release thereof."

As before said, the controversy here relates solely to the validity of the deed from Kitterlin to his wife, and whether the title to the insured premises was thereby changed, in violation of the stipulation of the policy. It would seem that the lan-

guage of the statute is plain and without ambiguity, that no conveyance of the homestead should be valid unless the same was in writing, subscribed by the householder *and his wife,* if he have one. The obvious intention of the legislature was to remedy the inconveniences and defects existing in the prior homestead exemption acts, not only by changing the mere exemption into an estate in the land, but also by controlling and regulating the manner of its alienation and relinquishment. We said in *Browning et al.* v. *Harris et al. supra:* "Since the homestead, in such a case, (where the total value does not exceed $1000,) comprises the entire interest, (of the householder in the premises,) it follows that any conveyance by the owner which does not conform to the requirements of the statute with respect to the conveyance of homesteads will be inoperative and void as to such homestead." And it was further said: "The legislature having, in plain and unmistakable terms, declared that certain forms and ceremonies shall be observed in the conveyance of a homestead, courts have no power to dispense with them. On the contrary, it is their manifest duty to enforce their observance."

The legislature, in creating this estate, have expressly exempted it from the laws of conveyance, etc., except as is provided in and by the act by which it is created, and by that act have made the forms there prescribed essential to its conveyance and relinquishment, and have expressly declared that no conveyance, etc., of the homestead, shall be valid without compliance therewith. Here, the conveyance is not subscribed by the wife of the grantor, nor acknowledged by her, in conformity with 27th section of the Conveyance act, or "in the same manner as conveyances of real estate are required to be acknowledged," each of which is by the statute made essential to the validity of any conveyance of the homestead estate. For wise and humane reasons,—to preserve to the debtor and his family a home and shelter,—the estate is, by express enactment, secured to the husband and wife, and no waiver, release

or conveyance of it can be valid that is not, by their joint voluntary act and consent, expressed in the manner and form prescribed in the statute. We are not at liberty to defeat, by construction, the plain and clearly expressed will of the legislature, nor to dispense with the safeguards it has provided against the improvident alienation or relinquishment of the estate. The husband, who is the owner of the title to which the homestead attaches, can not, by any act of his own, waive, release, relinquish or convey the homestead. Unless abandoned, or aliened or released by the joint act of himself and wife, in the mode prescribed, it continues, despite any act or deed of his, for the benefit of himself and family during his life, and for their benefit after his decease. Nor does it affect this conclusion that the children of the householder can not be said to have a vested interest in the estate during his life. True, the interest of the children is under the control of the parents, and may be defeated by them before vesting in the children; but it can only be done in some one of the modes prescribed by the statute. Nor does it affect this consideration that the conveyance is, here, to the wife. It frequently happens that such a conveyance would, if valid, effectually defeat the right of homestead in the children. In *Capek* v. *Kropik*, 129 Ill. 509, the wife was the owner of a portion of the premises comprising the homestead, and died leaving her husband, and children by a former marriage, surviving her. We held that her children were entitled to homestead jointly with the surviving husband, although he did not stand *in loco parentis* to them. *Kingman* v. *Higgins*, 100 Ill. 319; *Merritt* v. *Merritt*, 97 id. 243.

But it is unnecessary to pursue the discussion further. The legislature have said, in unambiguous language, that such deeds are without validity. The premises, or any interest in them, being incapable of severance from the estate of homestead therein, and the deed from Kitterlin to his wife being without validity as a conveyance of the homestead estate,

effected no change in the title.   Being void, the title of Kitterlin was unaffected thereby.

It follows, that we are of opinion that there was no change of title, within the meaning of the policy of insurance, and that the Appellate Court erred in reversing the judgment of the circuit court.   The judgment of the Appellate Court will accordingly be reversed and that of the circuit court affirmed.

*Judgment reversed.*

Mr. Justice Wilkin took no part in the case, having been a member of the Appellate Court for the Fourth District when the case was decided in that court.