### T. P. Bates v. Samuel R. White.

1. Contract—*when, for conveyance of land, in contravention of statute.* A contract to sell and convey a homestead, if not joined in by the wife of the householder, is in contravention of statute.

2. Damages—*when liquidated, cannot be recovered.* Liquidated damages cannot be recovered for the breach of a contract in contravention of statutory law.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the May term, 1907. Reversed. Opinion filed December 7, 1907.

S. P. Robinson and D. D. Donahue, for appellant.

Barry & Morrissey, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action in *assumpsit* by appellee against appellant for the recovery of liquidated damages claimed by appellee to have accrued to him by reason of the breach by appellant of a certain contract, by the terms of which appellee agreed to sell and appellant to pur-

chase certain real estate described in said contract as follows, to wit: "Lot twenty-two in White Place, now the residence of S. R. White and E. J. Lewis. Also lot one hundred two in said White place, the same being the brick barn property of said S. R. White and E. J. Lewis, together with the appurtenances and easements connected with said properties, situated in the County of McLean in the state of Illinois, for the sum of twelve thousand dollars." The declaration sets out the contract *in haec verba;* alleges full performance thereof by the plaintiff and a failure by the defendant on his part. A general demurrer to the declaration was interposed and overruled, whereupon the defendant filed the plea of general issue. A trial was had before the court, without a jury, and resulted in a finding of the issues for the plaintiff and a judgment in his favor for $1,000. To reverse such judgment this appeal is prosecuted by the defendant. The contract further provides, *inter alia,* that appellee should convey the premises therein described by a good and sufficient warranty deed to be executed by appellee and his wife, which deed was to be delivered to appellant, upon certain specified payments being made, on or before July 21, 1906. It was still further provided that time was the essence of the contract and that if either party should fail or refuse to comply with its provisions, he should forfeit and pay to the other as liquidated damages the sum of $1,000. The contract was executed by appellee and appellant only. A number of grounds are assigned and urged for reversal, but one of which we deem it necessary to consider. Construing the allegations of the declarations most strongly against the pleader it is obvious that lot 22 in White place was, at the time of the execution of the contract, occupied by appellee as a residence.

It is equally apparent from the requirement of the contract that appellee should furnish a deed to the premises executed by himself and wife, and the further fact that such a deed was afterward tendered to

appellant, that he was at the time married. In the absence of evidence to the contrary, the legal presumption will be indulged that his wife then and there resided with him. Kennedy v. Kennedy, 87 Ill. 252; Cooper v. Beers, 143 Ill. 32.

· Section 1 of the statute upon exemptions in part provides "that every householder having a family, shall be entitled to an estate of homestead to the extent in value of $1,000 in the farm or lot of land and buildings thereon, owned or rightfully possessed by lease or otherwise, and occupied by him or her as a residence," etc. Rev. Stat., 1905, 1043. Section 4 of the same statute in part provides that "no release, waiver, or conveyance of the estate so exempted, shall be valid, unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, or possession is abandoned or given pursuant to the conveyance," etc. *Ibid,* 1044. It does not appear that possession of the premises was abandoned or given pursuant to the contract.

The question is thus presented as to whether or not a contract by a householder who is married, for the sale and conveyance of the homestead is, under the statute of this state, legal and binding, when his wife does not concur and join in such contract.

In Strickel v. Crane, 189 Ill. 220, in discussing the effect of a conveyance of the homestead where both husband and wife did not join in the conveyance the court said: "Such a deed being absolutely void as to the homestead law can it be said its covenants are binding upon the parties with respect to the land included within the homestead? The same contentions were made in Anderson v. Smith, 159 Ill. 93, but without avail. There is not a failure of title in the grantor as is usually understood when there is a breach of such a contract, but there is a failure because there

Citizens Ins. Co. v. Helbig.

is an attempt to do an act which the law will not permit to be done.''

In Watson v. Doyle, 130 Ill. 415, it is held that a contract for the sale of land occupied by the vendor as a homestead exceeding in value $1,000 is not wholly void and incapable of enforcement, but that a deed made without the wife joining therein is operative to pass the title to all of the property over the value of $1,000.

In the light of the foregoing authorities, we regard the contract in question in so far as the homestead estate was concerned, as clearly in contravention of the statute and therefore void. The consideration for the agreement of the parties to pay the stipulated damages mentioned was the full performance by the respective parties of all the provisions of the contract. The agreement on the part of appellee being in part void and full performance of the same unenforceable, it is obvious that no recovery can be had of the stipulated damages claimed.

The judgment of the Circuit Court will therefore be reversed.

*Reversed.*